

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# Moore v. Carteret Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2840

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Moore v. Carteret Pol Dept" (2007). *2007 Decisions*. Paper 228.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/228

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-2                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2840
_____

LEROY T. MOORE,
Appellant,

v.

CARTERET POLICE DEPARTMENT;
JUAN RIVERA, PTL.; CHRISTOPHER ELY, DIR.;
RAYMOND NOVAK, DET.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-3313)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted for Possible Dismissal for Lack of Jurisdiction,
for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B),
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2007

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Filed: November 9, 2007)
_____

OPINION
_____

PER CURIAM

Leroy T. Moore, a state prisoner proceeding pro se, appeals from the District Court's grant of summary judgment in favor of defendants on his malicious prosecution claim against the Carteret police department, Officer Juan Rivera, and Detective Raymond Novak.[1]  Because Moore's appeal presents no substantial question, we will summarily affirm.  LAR 27.4; I.O.P. 10.6.

Moore's claim for malicious prosecution arises out of his arrest on March 26, 2002.  On that day, Officer Rivera sought and obtained a search warrant on the basis of witness statements alleging Moore's involvement with a burglary and theft.  Later the same day, officers arrested Moore at an apartment where he was seen entering wearing a black puffy jacket.  The apartment was searched, and the black, puffy jacket found inside was identified by the apartment's resident as belonging to Moore.  The jacket contained bags of a white, powdery substance that police suspected to be cocaine.  This evidence provided the basis for a second Warrant-Complaint, which was issued against Moore for possession of a controlled dangerous substance.  The Warrant was apparently based on the detective's observation of the substance in the jacket Moore had been seen wearing.  Some time after Moore's arrest, the substance found in Moore's jacket tested negative for a controlled dangerous substance.

---

[1] Defendant Christopher Ely, who was identified in the complaint, is not a party to the suit because he was never served with the complaint.  As a general rule, unserved defendants are not parties within the meaning of Fed. R. Civ. P. 54(b).  United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

A New Jersey Grand Jury voted no-bill against Moore for conspiracy, burglary, theft, and receiving stolen property. With regard to the second Warrant, Moore was found not guilty on a down-graded charge for failure to make lawful disposition of a controlled substance. Six months later Moore filed a complaint alleging various causes of action against several defendants. Only Moore's claim for malicious prosecution was allowed to proceed.[2] The parties filed cross motions for summary judgment and the District Court granted defendants' motion on the sole issue of whether or not the police had probable cause to arrest and charge Moore.

Before considering the merits we must dispense with the jurisdictional question of whether Moore's appeal was timely filed.[3] Moore did not file his formal notice of appeal until June 7, 2007. Defendants argue that his motion is untimely and thus jurisdictionally barred. However, Moore did file an application to proceed in forma pauperis on appeal in the District Court within thirty days of the District Court's order.[4] Because Moore timely

---

[2] The Honorable William J. Martini reviewed Moore's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Judge Martini concluded that Moore had cognizable claims for false arrest, malicious prosecution, excessive bail in violation of the Eighth Amendment, and deprivation of property under the Fourteenth Amendment. However, he dismissed Moore's claim for false arrest as time-barred. With the exception of his malicious prosecution claim, Moore's remaining claims were dismissed for failure to state a claim.

[3] We have jurisdiction of appeals from all final decisions of the district courts. 28 U.S.C. § 1291.

[4] The District Court's Order, granting summary judgment, was entered on May 3, 2007. Moore submitted his application for proceeding in forma pauperis on May 22, 2007.

demonstrated an intent to appeal, we have jurisdiction to consider his claim on the merits. See Smith v. Barry, 502 U.S. 244, 247-49 (1992) (holding an appellate brief may serve as a notice of appeal); Fleming v. Evans, 481 F.3d 1249, 1253-54 (10th Cir. 2007) (holding court had jurisdiction where the appellant filed a motion for leave to proceed on appeal without prepayment of costs or fees, which evidenced an intent to appeal); see also LAR 3.4.

Having concluded that jurisdiction is proper, we turn to review of the district court's grant of summary judgment under a plenary standard. Moore v. City of Philadelphia, 461 F. 3d 331, 340 (3d Cir. 2006). Summary judgment is appropriate when, after considering the record as a whole, there is no genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U. S. 574, 587 (1986). In examining the record, we will draw all reasonable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 255 (1986).

The existence of probable cause is an absolute defense to a malicious prosecution claim brought either under § 1983 or pursuant to New Jersey law. Wildoner v. Borough of Ramsey, 744 A.2d 1154, (2000). Thus, to survive defendants' motion for summary judgment, the evidence, viewed in the light most favorable to Moore, must demonstrate that defendants did not have probable cause to arrest him on March 26, 2002.

We agree with the District Court's conclusion that the record demonstrates sufficient evidence of probable cause. The record shows that Officer Rivera relied on the

statements of two witnesses at the scene of the theft and burglary as the basis for obtaining and executing a warrant against Moore. Specifically, Christine and Tara Bowers stated that the two individuals who were found at the scene, and who had the stolen items in their possession, had identified Moore as their accomplice. Moore does not dispute the veracity of the information told to Officer Rivera by Tara And Christine Bowers. Their statements provided a sufficient basis for obtaining and executing a warrant against Moore and thus Moore's malicious prosecution claim cannot go forward.

We also agree with the District Court that probable cause existed to obtain and execute a second warrant against Moore for possession of a controlled substance. The evidence for probable cause included the presence of baggies containing a white powdery substance located inside the jacket that Moore had been seen wearing prior to exiting the apartment where the jacket was found. In addition, the apartment's resident identified the jacket as belonging to Moore.

For these reasons, we find no basis for reversing the District Court's decision and will therefore affirm its judgment.