**UNITED STATES COURT OF APPEALS**

February 29, 2008

**TENTH CIRCUIT**

TIMOTHYE TYRONE ROCKWELL,

Petitioner - Appellant,

v.

DAVID PARKER, Warden,

Respondent - Appellee.

No. 07-6222
(D.C. No. CIV-07-330-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

Petitioner-Appellant Timothye Rockwell, appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his habeas petition, 28 U.S.C. § 2254. Because the district court's conclusion that Mr. Rockwell's petition was untimely is not reasonably debatable, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the appeal.

Mr. Rockwell was convicted on charges of assault and battery in Oklahoma state court, and the conviction was affirmed on direct appeal on September 16, 2003. The parties do not dispute that the conviction became final 90 days later on December 15, 2003. See 28 U.S.C. § 2244(d)(1)(A). As a result, Mr. Rockwell

had one year from December 15 to file his federal habeas petition; the one-year period could be tolled while a properly filed state post-conviction motion is pending. See 28 U.S.C. § 2244(d)(2). Mr. Rockwell filed an application for post-conviction relief on September 15, 2004 (275 days later, leaving 91 days remaining—366 days in a leap year), which tolled the statute of limitations until April 26, 2005 when the application was denied. Mr. Rockwell filed a motion for leave to file an appeal out of time on January 12, 2006, which was denied January 24, 2007. Mr. Rockwell filed his habeas petition on March 16, 2007, well past the required time for filing. The district court dismissed the petition as untimely. Because the district court did not rule on the issue of COA, it is deemed denied. See 10th Cir. R. 22.1(C).

Mr. Rockwell argues he is entitled to equitable tolling because of the egregious conduct of his attorney who failed to pursue the appeal or inform him that his post-conviction relief had been denied. The limitations period may be equitably tolled if a petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Egregious attorney misconduct may constitute "extraordinary circumstances" justifying equitable tolling. Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). Assuming the facts alleged in the petition, counsel's failure to communicate the denial of Mr. Rockwell's post-conviction motion was sufficiently egregious to

equitably toll the limitations period until Mr. Rockwell learned of the denial on July 29, 2005.  Three days later, Mr. Rockwell sent a letter to his attorney effectively terminating the attorney's representation and requesting his files so that he could pursue the appeal on his own.

Mr. Rockwell argues that we should also equitably toll the time between July 29, 2005 to January 11, 2006 when he filed a motion to appeal out of time relying on Fleming, 481 F.3d at 1256–57.  In his report and recommendation on timeliness, the magistrate judge concluded that this entire time should be equitably tolled because, by the time counsel's abandonment became apparent, Mr. Rockwell had little time to act on his own.  Mr. Rockwell complained as early as July 12, 2005 that his lawyer had abandoned him and refused to respond.  He repeated these allegations in an August 1, 2005 letter to counsel and sought return of his materials so he could pursue the matter.  He complained to the Oklahoma Bar Association about his counsel (acknowledged on September 14, 2005).  Unlike the petitioner in Fleming, Mr. Rockwell was not still relying on his attorney after his August 1 letter.  Mr. Rockwell was not reasonably diligent because he waited until January 11, 2006 (166 days) after learning the state post-conviction application had been denied to file the motion to appeal out of time.  A motion for leave to appeal out of time only requires proof that he was denied an appeal through no fault of his own, Okla. Ct. Crim. App. R. 2.1(E), so Mr. Rockwell did not need his files to make a proper motion.  Clearly, 166 days

exceeds the 91 days remaining in the limitations period, and equitable tolling is not appropriate given that the motion certainly could have been filed within the 91-day period after Mr. Rockwell became aware that counsel would not perform and would not be representing him. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Accordingly, we DENY the motion for a COA and DISMISS the appeal. Petitioner's motions to supplement the appeal with exhibits attached to his motion and proceed on appeal in forma pauperis are GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge