**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KIPTON FLEMING,

        Petitioner - Appellant,

v.

EDWARD L. EVANS,

        Respondent - Appellee.

No. 06-6110

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. D. Ct. No. CIV–05-690-C)**

Submitted on the briefs:[*]

Kipton Fleming, pro se.

W.A. Drew Edmondson, Attorney General of Oklahoma, and Jay Schniederjan, Assistant Attorney General, Office of the Attorney General for the State of Oklahoma, Oklahoma City, Oklahoma, for Appellee.

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

**TACHA**, Chief Circuit Judge.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Kipton Fleming, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") to appeal the District Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The District Court did not address Mr. Fleming's substantive claims but instead dismissed the petition as untimely. We take jurisdiction under 28 U.S.C. §§ 1291 and 2253, grant his application for a COA, vacate the judgment of the District Court, and remand for further proceedings.

## I. BACKGROUND

In 2001, Mr. Fleming was charged in Oklahoma state court with three criminal counts. Counts II and III are relevant here. Count II charged him with assault and battery with a dangerous weapon, and Count III charged him with domestic abuse assault and battery. The proceedings with respect to these two counts took two distinct paths. Mr. Fleming pleaded guilty to Count III, but he went to trial on Count II, on which a jury found him guilty. He was sentenced to thirty years' imprisonment for Count II and one year of time served for Count III.[1]

Mr. Fleming raises several constitutional claims related to each count of

---

[1]Although the state court's sentencing statement does not appear in the record, Mr. Fleming's application for federal habeas relief indicates that his sentences for Counts II and III were to run consecutively. Accordingly, he was "in custody" with respect to Count III when he filed his petition and thus the District Court appropriately exercised jurisdiction under § 2254. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that, for purposes of federal habeas corpus jurisdiction, a petitioner who is "in custody" for one of a series of consecutive sentences is "in custody" for all of those sentences); *see also Oyler v. Allenbrand*, 23 F.3d 292, 293–94 (10th Cir. 1994) (noting the requirement that a § 2254 petitioner be "in custody" is jurisdictional).

conviction. Specifically, he claims that he received ineffective assistance of counsel on both counts, that his convictions violate the Double Jeopardy Clause, and that he was denied due process of law due to the state's use of perjured testimony at trial and its concealment of a plea agreement struck with one of its primary witnesses. The case was referred to a magistrate judge who recommended that Mr. Fleming's claims with respect to Count III be dismissed as time-barred and that his claims with respect to Count II proceed. Both Mr. Fleming and the state filed objections to the magistrate judge's findings. Mr. Fleming argued that the magistrate erred in concluding that his claims regarding Count III are time-barred. For its part, the state argued that the record clearly establishes that claims regarding Count II are also time-barred because Mr. Fleming was aware at the time of his direct appeal of the factual basis of the claim—the alleged perjured testimony and the state's concealment of a plea agreement.

The District Court adopted the reasoning of the magistrate judge and granted the state's motion to dismiss Mr. Fleming's claims with respect to Count III, but denied the state's motion with respect to Count II, noting that it could not take into account record evidence to dismiss an action on the pleadings. The state then filed a motion for summary judgment, arguing that Mr. Fleming's claims with respect to Count II are time-barred and attached Mr. Fleming's brief on direct appeal citing to the relevant facts of which Mr. Fleming now claims he was previously unaware. Mr. Fleming had an opportunity to respond. On recommendation from the magistrate judge, the District Court found no genuine issue of fact as to the timeliness of the petition and granted the state's

-3-

motion. The District Court denied Mr. Fleming's application for a COA and denied his motion to proceed *in forma pauperis* on appeal.

## II. DISCUSSION

A.     Jurisdiction

The District Court entered its order and judgment in this case on February 27, 2006, indicating that no party had filed objections to the magistrate judge's report and recommendation. Mr. Fleming filed a notice of appeal on March 14, 2006. He also filed a motion for rehearing on that day, notifying the District Court that he had timely mailed objections to the magistrate judge's report and recommendation. The District Court granted Mr. Fleming's motion and vacated the February 27 order. The court entered a new order adopting the report and recommendation of the magistrate judge on March 24, 2006. The state argues that once the District Court vacated its February 27 order Mr. Fleming's notice of appeal of that order was rendered moot. Mr. Fleming did not file a new notice of appeal following the entry of the March 24 order, *see* Fed. R. App. P. 4(a)(1)(A) (requiring a notice of appeal to be filed within 30 days after the judgment or order appealed from is entered), and the state therefore maintains that this Court lacks jurisdiction over the instant matter, *see* Fed. R. App. P. 3 (conditioning federal appellate jurisdiction on the filing of a timely notice of appeal). We disagree.

Rule 3 requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We "liberally construe" the rule's requirements: "when papers are technically at variance with the letter of Rule 3, a court

-4-

may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (alteration and internal quotation marks omitted). Although Mr. Fleming did not file a formal notice of appeal within the 30-day deadline, he did file, on April 14, 2006, a combined "motion for leave to proceed on appeal without prepayment of costs or fees and application for certificate of appealability." He also filed a pro se docketing statement. Furthermore, although Mr. Fleming's April 14 motion expressly references the vacated February 27 order, this discrepancy does not render Mr. Fleming's notice of appeal ineffective. Even if a notice fails to properly designate the order from which the appeal is taken, this Court has jurisdiction if the appellant's intention was clear. *United States v. Morales*, 108 F.3d 1213, 1222–23 (10th Cir. 1997). The clear intent of Mr. Fleming's April 14 motion was to appeal the District Court's March 24 order dismissing his claim. Although he denominated the order being appealed as the court's order of February 27, that order was superceded by the court's March 24 order, which reached the same conclusion as the former. Mr. Fleming's filings contain all the information required by Rule 3(c) and thus are the "functional equivalent" of a formal notice of appeal. *See Smith*, 502 U.S. at 248 (stating that the purpose of a notice of appeal "is to ensure that the filing provides sufficient notice to other parties and the courts"); *see also Rodgers v. Wyo. Attorney Gen.*, 205 F.3d 1201, 1204 & n.3 (10th Cir. 2000) (listing documents construed as the equivalent of a notice of appeal), *overruled on other grounds as recognized by Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001). This Court therefore has

jurisdiction to review Mr. Fleming's petition.

B.    Antiterrorism and Effective Death Penalty Act

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Mr. Fleming to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). In addition, when the district court's ruling is based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period on the filing of federal habeas actions. *See* 28 U.S.C. § 2244(d). The period begins to run from "the latest of" four dates, two of which are relevant here. The first is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The second is "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). Importantly, the limitations period is statutorily tolled "[f]or the time during which a properly filed application for State post-conviction or other collateral review with respect to the

-6-

pertinent judgment or claim is pending" in state court. *Id.* § 2244(d)(2). In addition, the limitations period may be equitably tolled if the petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

When a district court denies a habeas petition based on § 2244(d), we generally exercise de novo review. *See Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003). Here, the District Court also found no grounds for equitably tolling the statute-of-limitations period. On appeal, such a decision is reviewed for an abuse of discretion. *See id.* at 1138. Ultimately, therefore, we will vacate the District Court's determination that equitable tolling is inapplicable only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion.

### 1. Procedural Ruling

#### a. Timeliness of Count III

Mr. Fleming pleaded guilty to Count III. The state trial court sentenced him on December 21, 2001. Because Mr. Fleming did not file a timely motion for leave to withdraw his plea or otherwise directly appeal his conviction, his conviction on Count III became final on December 31, 2001. *See* Okla. Stat. tit. 22, Ch. 18, App., Rule 4.2. Absent statutory or equitable tolling, the AEDPA limitations period expired on December 31, 2002. Mr. Fleming filed an application for post-conviction relief in Oklahoma state court on August 27, 2004. The state court denied his application and the OCCA affirmed on November 30, 2004. Mr. Fleming filed this § 2254 petition in federal district court on

June 10, 2005.[2]

Mr. Fleming first contends that under 28 U.S.C. § 2244(d)(1)(D) the one-year limitations period should not have started to run on his claim of ineffective assistance of counsel in entering a guilty plea until May 18, 2003,[3] when he discovered that his trial counsel failed to move to withdraw his guilty plea and to perfect an appeal on that issue. To support his position, Mr. Fleming claims that, after he specifically instructed his attorney to move to withdraw his guilty plea, his counsel told him he had done so and the claim was pending in state court. If that allegation is true, then "the date on which the factual predicate [of this claim for ineffective assistance of counsel] could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), would be the day on which Mr. Fleming could have reasonably discovered that his counsel failed to follow his instructions to seek to withdraw and appeal his guilty plea. Hence, we assume *arguendo* that the limitations period began to run on this date, May 18, 2003, rather than on December 31, 2001. Using the later date, Mr. Fleming had until May 18, 2004, to file

---

[2]The petition was file-stamped on June 17, 2005, but the document contains a verification and a certificate of mailing dated June 10, 2005. The petition is deemed "filed" when the petitioner gives it to prison authorities for mailing. *Hoggro v. Boone*, 150 F.3d 1223, 1227 n.3 (10th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

[3]There is some suggestion in Mr. Fleming's petition that he knew of his attorney's failure to perfect an appeal on July 25, 2003, and the District Court assumed *arguendo* that the limitations period began to run on this date. Because of our disposition of this case, we need not resolve here the exact date on which Mr. Fleming became aware of his counsel's failure. If the District Court determines that Mr. Fleming is entitled to equitable tolling, then his petition would be timely whether Mr. Fleming discovered his counsel's failures on May 18, 2003, or July 25, 2003.

his habeas petition in federal court. He did not do so.

Mr. Fleming next asserts that the limitations period should be equitably tolled from July 25, 2003, until August 27, 2004, because during this time he reasonably relied on his attorney's misrepresentations that he was in the midst of preparing and filing an application for post-conviction relief and Mr. Fleming had no cause to discover these misrepresentations. Habeas counsel's negligence is not generally a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003); *see also Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" (quotation omitted)); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." (quotation omitted)) ; *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling].").

Mr. Fleming seeks to distinguish his case on the basis that his attorney did not act with mere negligence, but rather deceived him into believing that he was actively pursuing Mr. Fleming's legal remedies when, in fact, he was not. To this end, Mr. Fleming claims that, on July 25, 2003, his mother retained new counsel to represent him in state post-conviction proceedings. Mr. Fleming inquired of his counsel several times during phone calls and visits at the prison as to the status of his petition.[4] Each time he inquired, his counsel or his counsel's staff assured Mr. Fleming that his petition was being prepared and that, within a week or two of that conversation, the petition would be filed. In fact, no petition was filed. Aware that the one-year limitations period was fast approaching, Mr. Fleming drafted his own petition with the aid of a prison inmate law clerk. He then submitted the draft to his counsel for review and filing in state court, but his counsel failed to file it until after the AEDPA limitations period expired.[5]

Other circuits have held that egregious attorney misconduct may constitute "extraordinary circumstances" that justify equitable tolling. *See United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (concluding habeas counsel's affirmative misrepresentations, failure to communicate with habeas client, and failure to return client's papers constitute egregious misconduct that may be basis for equitable tolling);

---

[4]There is evidence in the record to support each of these allegations.

[5]Mr. Fleming asserts in his affidavit that he submitted his petition for review on August 8 or 9, 2004, to his attorney, believing the AEDPA limitations period expired on August 16, 2004. He claims his attorney only had to reformat the petition and file it, but he did not do so until August 27, 2004.

*Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (concluding attorney's misconduct in failing to file habeas petition and refusing to return client file constitutes egregious misconduct that may justify equitable tolling); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (concluding egregious misconduct on the part of petitioner's counsel, including failure to file § 2255 petition as requested by client, failure to conduct research on client's case, and failure to communicate with client, may justify equitable tolling); *Brown v. Shannon*, 322 F.3d 768, 773–74 (3d Cir. 2003) (acknowledging that an attorney's affirmative lies to petitioner may be grounds for equitable tolling); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (same). We agree with those circuits holding that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period.

We further conclude that Mr. Fleming has alleged enough facts to warrant, at a minimum, an evidentiary hearing to determine whether he is entitled to equitable tolling. Counsel was retained shortly after Mr. Fleming alleges he discovered his trial counsel's failure to move to withdraw his guilty plea on Count III (and, as noted below, merely two weeks after his conviction on Count II became final). He was therefore hired nearly a full year in advance of the expiration of the filing deadline. Mr. Fleming contacted him several times over the course of the year, and counsel repeatedly assured Mr. Fleming that filing was forthcoming. *See Spitsyn*, 345 F.3d at 801 (concluding equitable tolling may be justified when counsel, who was hired nearly a full year in advance of the filing deadline, failed to prepare and file a petition; he also failed to return petitioner's file upon

-11-

request until two months after filing deadline); *Baldayaque*, 338 F.3d at 152 (concluding attorney's failure to file § 2255 petition, research issues, meet with client, and keep his client reasonably informed of the status of his case was "far enough outside the range of behavior that reasonably could be expected by a client that [the actions] may be considered 'extraordinary'"). Hence, counsel's misrepresentations may amount to an "extraordinary circumstance," and reasonable jurists could debate whether the District Court abused its discretion in rejecting equitable tolling on this basis.

In addition to showing that his attorney's misconduct amounts to an extraordinary circumstance, Mr. Fleming "must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." *Baldayaque*, 338 F.3d at 153; *see also Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000) (requiring as a prerequisite to equitable tolling that a petitioner "diligently pursue" his federal habeas claims). Here, despite his counsel's assurances, Mr. Fleming took it upon himself to prepare his own petition, which though filed late, may establish that Mr. Fleming acted with reasonable diligence in pursuing his claim. *See Spitsyn*, 345 F.3d at 801 (remanding for consideration as to whether petitioner exercised reasonable diligence in pursuing habeas relief when his counsel engaged in egregious misconduct); *Baldayaque*, 338 F.3d at 153 (same).

If the limitations period is tolled as Mr. Fleming maintains it should be, his petition would be timely. The limitations period (we assume) started to run on May 18, 2003, and ran until he retained his counsel on July 25, 2003. This left 297 days during which Mr.

Fleming could file in state court. If Mr. Fleming is entitled to equitable tolling until his state court filing on August 27, 2004, and then statutory tolling until November 30, 2004, when the OCCA denied post-conviction relief, *see* 28 U.S.C. § 2244(d)(2), then Mr. Fleming's federal petition was timely. He filed in federal district court on June 10, 2005, 192 days after November 30. The state bears the burden of proving that the AEDPA limitations period has expired, *cf. Hooks v. Ward*, 184 F.3d 1206, 1216–17 (10th Cir. 1999) (holding that state bears the burden of proving the adequacy of a state procedural bar to federal habeas review), and we conclude reasonable jurists would find it debatable whether the district court abused its discretion with respect to its procedural ruling.

b.     Timeliness of Count II

Following a jury trial, Mr. Fleming was found guilty on Count II. He appealed his conviction to the OCCA, which affirmed on April 9, 2003. Because Mr. Fleming did not file a petition for certiorari, his conviction with respect to Count II became final ninety days later, on July 8, 2003. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (explaining that if the defendant fails to file a petition for certiorari, the conviction becomes final after the time for filing the petition has passed); Sup. Ct. R. 13.1 (providing for timely filing for a writ of certoriari within ninety days after entry of the order in state court). Absent statutory or equitable tolling, the AEDPA limitations period expired on July 8, 2004. Mr. Fleming filed an application for post-conviction relief in Oklahoma state court on August 27, 2004. The state court denied his application and the OCCA affirmed on November 30, 2004. Mr. Fleming filed this § 2254 petition in federal district

court on June 10, 2005. For the reasons set forth above with respect to Count III, Mr. Fleming is entitled to a determination as to the propriety of equitable tolling due to his post-conviction counsel's failure to timely file.

In addition to the foregoing, Mr. Fleming argues that his claims with respect to Count II are timely because he did not learn of the factual predicate of one of the issues he raises in his petition until July 2004. *See* 28 U.S.C. § 2244(d)(1)(D) (stating that the limitations period runs from the latest of four dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Specifically, Mr. Fleming contends that the state used perjured testimony during trial and concealed a plea agreement with one of its witnesses despite his counsel's requests for discovery of such information. He argues that he first learned of the perjured testimony and plea agreement when the clerk of the Oklahoma district court inadvertently sent him the sealed records of the state's primary witness at trial, and the records revealed the existence of the plea agreement as well as other favorable treatment on the part of the state. Mr. Fleming's assertions, however, are belied by his counsel's brief on direct appeal filed in September 2002. The brief contains the following allegation: "Appellant had requested extensive pretrial discovery including any plea bargains. The State was aware that it would grant leniency but intentionally failed to disclose such to bolster Kathleen[] [Fleming's] testimony. After Appellant's trial, Kathleen Fleming received extremely favorable treatment and dismissal of charges." Based on the foregoing, the District Court concluded that Mr. Fleming's claims

concerning Count II are time-barred because he was aware of their factual basis as early as September 2002 (even though he raised a different legal issue related to these facts on direct appeal). We agree. *See Spitznas v. Boone*, 464 F.3d 1213, 1226 (10th Cir. 2006) (holding petitioner failed to show that factual basis for claim could not have been discovered with due diligence in part because petitioner's counsel mentioned the fact relied upon during sentencing, presumably in the petitioner's presence).

In summary, we conclude that jurists of reason would find it debatable whether the District Court abused its discretion in dismissing Mr. Fleming's claim on timeliness grounds with respect to his habeas counsel's alleged misconduct. *See Slack*, 529 U.S. at 484. Should the District Court conclude that Mr. Fleming is not entitled to equitable tolling on that basis, Mr. Fleming may not render his claims concerning Count II timely by relying on his assertion that he did not discover the factual predicate of his claims until he received the sealed records from the state district court.

    *2.    Denial of a Constitutional Right*

Even if the District Court erred in its procedural ruling, however, this Court may not grant a COA unless Mr. Fleming has also shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. In reaching this determination, we will not delve into the merits of the claim, but instead will determine only whether the petitioner has "facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (alteration and quotation omitted). Furthermore, it is sufficient for purposes of

granting a COA that *any one* of the claims in the habeas petition states such a claim. *See Reid v. Angelone*, 369 F.3d 363, 372 (4th Cir. 2004); *see also Gibson*, 232 F.3d at 803 (concluding that "at least one" of petitioner's claims stated a valid constitutional claim); *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000) (holding "[a]t least some of [the petitioner's] claims facially allege the 'denial of a constitutional right'").

Mr. Fleming asserts several claims, at least two of which (one on each count) state a valid constitutional claim. First, Mr. Fleming contends that he received ineffective assistance of counsel in violation of his Sixth Amendment right because his trial counsel failed to perfect a direct state court appeal from the guilty-plea conviction. Mr. Fleming asserts that he asked his counsel to appeal his guilty-plea conviction. In fact, defense counsel notified the state court of his intent to appeal the conviction, but no appeal was ever filed. This Court has held that "[w]here . . . appellate counsel negligently fails to perfect an appeal, counsel's failure necessarily constitutes ineffective assistance." *Johnson v. Champion*, 288 F.3d 1215, 1229–30 (10th Cir. 2002) (citing *Evitts v. Lucey*, 469 U.S. 387, 397 (1985)); *see also Baker v. Kaiser*, 929 F.2d 1495, 1499 n.3 (10th Cir. 1991) (noting that if it is the client's wish to appeal, counsel must perfect an appeal). Second, Mr. Fleming alleges the state knowingly used perjured testimony of a primary witness at trial.[6] We have held that the prosecution's knowing solicitation of, or failure to correct, perjured testimony violates a defendant's due process rights and will be grounds

---

[6]Although the discovery of the factual predicate of this claim cannot be the basis for equitable tolling, if the District Court determines that Mr. Fleming is entitled to equitable tolling based on his attorney's misconduct, then this claim would be timely.

for a new trial "'if the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *See United States v. Vaziri*, 164 F.3d 556, 563 (10th Cir. 1999). Although we intimate no view on the merits of these claims, we conclude that reasonable jurists could debate whether the petition states a valid constitutional claim of the denial of a constitutional right. If the District Court finds Mr. Fleming is entitled to equitable tolling, the constitutional issues he seeks to raise on appeal are adequate to deserve further proceedings.

### III. CONCLUSION

We GRANT Mr. Fleming's application for a COA on the question of the timeliness of his § 2254 petition. We also grant his motion to proceed *in forma pauperis*. We VACATE the judgment of the District Court dismissing Mr. Fleming's petition and REMAND for further proceedings consistent with this opinion. Appellant's motion to supplement the record is GRANTED.