**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLARENCE ELMER HASSLER,

      Petitioner-Appellant,

v.

RICHARD SMELSER, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 08-1388
(D.C. No. 08-CV-01168-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and, **O'BRIEN** Circuit Judges.

      Petitioner-Appellant Clarence E. Hassler seeks leave to appeal the district

court's denial of his petition for habeas corpus brought pursuant to 28 U.S.C.

§ 2254. Petitioner-Appellant also seeks leave to appeal in forma pauperis. The

district court dismissed Mr. Hassler's petition as untimely and denied his request

to proceed in forma pauperis. The district court wrote a careful and thorough

opinion, and, for the reasons stated by the district court, we deny Mr. Hassler's

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

request for a certificate of appealability ("COA") and dismiss this appeal. We also agree with the district court that Mr. Hassler has failed to present a nonfrivolous basis for his appeal, and therefore we deny his request to proceed in forma pauperis.

## I. Background

Mr. Hassler pled guilty to sexual assault on a child by one in a position of trust in 1994. Pursuant to his plea agreement, the Colorado state court sentenced Mr. Hassler to 8 years' probation. Within the first four years of his probation, Mr. Hassler violated his probation twice and was charged with and convicted of a new instance of the same offense. Following these events, the Colorado state court scheduled a revocation hearing which Mr. Hassler missed on two occasions. The court subsequently issued a warrant for Mr. Hassler's arrest, and when Mr. Hassler finally appeared before the court on November 6, 1998, he was sentenced to 30 years' imprisonment.

Mr. Hassler did not file a direct appeal of his state sentence. Instead, he waited more than seven years and then filed for postconviction relief in state court on December 16, 2005. The state district court denied his motion, the state appellate court affirmed that decision, and the state supreme court denied his petition for certiorari.

Mr. Hassler filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on June 16, 2008. The district court determined that Mr. Hassler had named the

wrong Respondent in that petition and issued an order instructing Mr. Hassler to file a new petition. Mr. Hassler filed that new petition on July 8, 2008. In his new petition, Mr. Hassler argued that the state court judge had violated the relevant state statutes by sentencing Mr. Hassler to 30 years after he violated his probation, and that this sentence was motivated by the state court's bias and vindictiveness. The district court dismissed the petition, determining that, pursuant to 28 U.S.C. § 2244(d), the petition was untimely. The district court then denied Hassler's request for a COA, finding that Hassler had not "made a substantial showing of the denial of a constitutional right." (Doc. 16 at 1.) The district court also denied Hassler's request for leave to file an appeal in forma pauperis, finding that Hassler had failed to show "the existence of a reasoned, nonfrivolous argument" to be addressed by the court on appeal. (Doc. 18 at 1.)

## II. Discussion

Under 28 U.S.C. § 2253(c)(1)(A), a defendant seeking to appeal a district court's denial of a request for habeas relief from a state court sentence must first obtain a COA.

> A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires [Mr. Hassler] to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In addition, when the district court's ruling is based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007). In this case, the district court's ruling was based on a procedural defect. This court affirms the district court's decision, and holds that "jurists of reason" would not find the procedural defects in this case debatable.

Mr. Hassler filed this petition many years beyond the expiration of the statute of limitations. 28 U.S.C. § 2244(d)(1) establishes a 1-year statute of limitations for habeas petitioners challenging the legality of a state court conviction or sentence. As the district court found, the statue of limitations in this case expired on December 21, 1999, one year after the time Mr. Hassler could have filed a direct appeal in Colorado state court. Mr. Hassler has provided no reason that the standard statute of limitations should be ignored or extended in this case.

## III. Conclusion

For the forgoing reasons, we **DENY** Mr. Hassler's request for a COA, **DISMISS** this appeal, and **DENY** Mr. Hassler's request to proceed in forma pauperis.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 4 -