**UNITED STATES COURT OF APPEALS**

July 21, 2009

**TENTH CIRCUIT**

JOSE SANTANA,

          Petitioner- Appellant,

  v.

TRAVIS TRANI, Warden, L.C.F., and
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

          Respondent Appellees.

No. 09-1151
(D. Colorado)
(D.C. No. 1:08-CV-02556-ZLW)

**ORDER**

Before **HENRY**, Chief Judge, **PORFILIO** and **BRORBY**, Circuit Judges.

Jose Santana, a Colorado state prisoner in the custody of the Colorado

Department of Corrections who is proceeding pro se, seeks a Certificate of

Appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. §

2254 Petition for Writ of Habeas Corpus as time-barred. He also seeks to proceed

in forma pauperis. For substantially the same reasons set forth by the district court

in its order of dismissal, we agree that Mr. Santana's § 2254 petition is untimely

under 28 U.S.C. § 2244(d)(1), and that Mr. Santana is not entitled to equitable

tolling of the limitations period. We therefore deny his application for a COA,

and dismiss this matter.

## I. BACKGROUND

In 2001, a jury convicted Mr. Santana of first-degree murder in a Colorado state court. He was sentenced to life imprisonment without the possibility of parole. The Colorado Court of Appeals affirmed his conviction on April 23, 2003, and the Colorado Supreme Court denied certiorari on April 26, 2004. Mr. Santana then filed two unsuccessful post-conviction motions which the state trial court denied. The Colorado Court of Appeals denied Mr. Santana's appeal on his second post-conviction motion in September 2008.

On November 24, 2008, Mr. Santana filed this 28 U.S.C. § 2254 petition in federal district court. He alleged that he was given deficient Miranda warnings when arrested, that the trial court erred in admitting certain evidence, and that he received ineffective assistance of counsel.

The district court dismissed Mr. Santana's action as time-barred because he failed to file his § 2254 petition within the one-year time limit prescribed in 28 U.S.C. § 2244(d). The court calculated the time period from when Mr. Santana's conviction became final until he filed his § 2254 petition on November, 18, 2008. Applying the tolling provision set forth in 28 U.S.C. § 2244(d)(2), the court excluded the time periods during which Mr. Santana's post-conviction motions were pending in state court. Under the district court's determination, 414 days had elapsed from the time that the conviction became final until Mr. Santana filed his § 2254 petition. Therefore, Mr. Santana failed to file his petition within §

2244(d)'s one-year limitations period. The court also rejected Mr. Santana's argument that the limitations period should be equitably tolled.

## II. DISCUSSION

In order to obtain a COA, Mr. Santana must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

In his application for a COA, Mr. Santana does not claim that his application for habeas relief is within the one-year time limit provided in 28 U.S.C. § 2244(d)(1). Instead, he alleges that he is entitled to equitable tolling of the limitations period from July 13, 2005 until December 8, 2005.

The record indicates that, on July 6, 2005, while Mr. Santana's first state post-conviction motion was pending, Mr. Santana's attorney filed a motion to withdraw the post-conviction motion and the withdraw as counsel, stating that there was no arguable merit to his claims. On July 13, 2005, the state trial court issued an order denying Mr. Santana's post-conviction motion. According to the Colorado Court of Appeals, this order was mailed to Mr. Santana. *See* Rec. doc. 9,

3

App. L. (Colo. Ct. App. Order, announced March 27, 2008).

Mr. Santana acknowledges that he received his attorney's motion to withdraw his post-conviction petition, indeed, he strenuously objected to counsel's motion. However, he maintains, he never received the trial court's July 13, 2005 order denying his first-post-conviction motion, and his counsel never informed him of the ruling. He asserts that "[he] attempted to contact counsel[,] who would not respond." Application for a COA, filed May 11, 2009 at 5. He eventually contacted the Court through his family and his family informed him that his postconviction motion was dismissed on July 13, 2005. On December 8, 2005, Mr. Santana adds, he requested the trial court to re-issue its ruling. He argues that the delay in his receiving notice of the trial court's ruling warranted equitable tolling of the limitations period between July 13 and December 8, 2005.

Section 2244's one-year "statute of limitations is subject to equitable tolling only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted). "Simple excusable neglect is not sufficient." *Id.* And, equitable tolling

4

is only warranted if a "petitioner has diligently pursued his federal habeas claims." *Id.*

Additionally, state post-conviction counsel's negligence is not generally a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorney's actions or failures." *Id.* at 1255-56 (internal quotation marks and citations omitted). However, "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling." *Id.* at 1256 (granting evidentiary hearing where counsel, over the course of a year, repeatedly assured and affirmatively misrepresented to petitioner that he was preparing a § 2254 petition).

We acknowledge that Mr. Santana has alleged that his appointed habeas counsel failed to communicate with him after filing the motion to withdraw. An attorney has an ethical obligation to keep his client informed of important developments in a pending case. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Nevertheless, this alleged conduct falls short of the egregious misconduct on the part of habeas counsel that may warrant equitable tolling. *See Fleming*, 481

F.3d at 1256 (holding that counsel's repetitive and deceitful assurances that a habeas petition would be filed may justify equitable tolling of the limitations period). Mr. Santana's allegations indicate that his counsel should have better communicated with him. However, counsel's alleged refusal to communicate after being allowed to withdraw does not constitute egregious misconduct sufficient enough to call for equitable tolling.

Here, applying these standards, we agree with the district court that equitable tolling of the limitations period for the period at issue–July 13 through December 8, 2005–is not warranted. Mr. Santana concedes that he received his attorney's July 6, 2005, motion to withdraw and he has failed to explain what specific steps he took to diligently pursue his claims from the time he received the motion to withdraw until December 8, 2005, when he requested the trial court to re-issue its ruling. We do not consider waiting five months to ascertain the status of a motion to be an exercise of due diligence.

### III. CONCLUSION

Reasonable jurists could not debate whether equitable tolling of the one-year statute of limitations set forth in § 2244(d)(1) is warranted. We therefore DENY Mr. Santana's application for a COA, DENY his motion to proceed in forma

6

pauperis, and DISMISS this matter.

Entered for the Court,

Robert H. Henry
Chief Judge