**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS GARNER,

Petitioner–Appellant,

v.

ANGEL MEDINA; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents–Appellees.

No. 11-1573

(D.C. No. 1:10-CV-01561-MSK)

(D. Colorado)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

Petitioner, a Colorado state prisoner proceeding pro se, seeks a certificate
of appealability to appeal the district court's dismissal of his § 2254 habeas
petition. In 1990 a jury convicted Petitioner of aggravated robbery and
conspiracy to commit aggravated robbery. He was sentenced as an habitual
offender to life in prison. The Colorado Court of Appeals affirmed his sentence,
and the Colorado Supreme Court denied certiorari review. On August 10, 1993,

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner filed a motion for post-conviction relief in state court, which the trial court denied and the appellate court affirmed. The Colorado Supreme Court denied certiorari review on June 8, 2009.

The district court received this habeas petition on June 25, 2010. Petitioner asserted two claims in his petition: (1) ineffective assistance of counsel at trial; and (2) unconstitutional sentencing under Colorado's habitual offender statute where Petitioner's prior convictions were allegedly obtained pursuant to guilty pleas that were not knowing and voluntary. The district court directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving Respondents' response and Petitioner's reply, the district court dismissed claim two, holding that the state trial and appellate courts had rejected the claim as untimely, and therefore the state procedural bar precluded habeas review of the merits.

As for claim one, the district court concluded this claim was barred by the one-year limitation period set forth in § 2241(d)(1). The district court rejected Petitioner's request for equitable tolling, holding that Petitioner had not shown he diligently pursued his rights and the prison's policy of advance notice for photocopy requests and library usage was not an exceptional circumstance outside of Petitioner's control.

To appeal the denial of his habeas petition, Petitioner must obtain a

certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  When the district court

dismisses a § 2254 petition on procedural grounds we may issue a COA only if,

inter alia, "jurists of reason would find it debatable whether the district court was

correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

On appeal, we review a district court's decision not to equitably toll the § 2254

one-year limitations period for abuse of discretion.  *Burger v. Scott*, 317 F.3d

1133, 1138 (10th Cir. 2003).  Thus, we will not grant a COA unless "reasonable

jurists could debate whether the court's refusal to toll the statute of limitations

was an abuse of discretion."  *Fleming v. Evans*, 481 F.3d 1249, 1254-55 (10th

Cir. 2007).

After a thorough review of the appellate record and Petitioner's brief, we

conclude reasonable jurists would not debate whether the district court abused its

discretion in dismissing Petitioner's claim without equitable tolling.  Under the

unique circumstances of this case, Petitioner's failed attempts to obtain copies of

his petition in the week before the petition was due are insufficient to show

diligent pursuit of his claims throughout the filing period or exceptional

circumstances outside of his control that would warrant tolling.  *See Marsh v.

Soares*, 223 F.3d 1213, 1221 (10th Cir. 2000).

As to Petitioner's second claim, which the state courts dismissed as

untimely, we agree with the district court's thorough analysis and have nothing to

add.  After carefully reviewing Petitioner's brief and the record on appeal, we

conclude reasonable jurists would not debate whether the district court erred in dismissing the petition.

We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal.  We **GRANT** Petitioner's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Monroe G. McKay

Circuit Judge