FILED
United States Court of Appeals
Tenth Circuit

January 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN CARLOS ANGULO-LOPEZ,

      Defendant-Appellant.

No. 12-6174
(D.C. Nos. 5:12-CV-00691-D &
5:91-CR-00220-D-6)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **TYMKOVICH**, Circuit Judges.

Juan Carlos Angulo-Lopez, a federal prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his

28 U.S.C. § 2255 motion for lack of jurisdiction as an unauthorized second or

successive motion. Because Mr. Angulo-Lopez has met the two-prong showing set

---

[*]    After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

forth in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we grant a COA and remand to the district court to consider Mr. Angulo-Lopez's § 2255 motion on the merits.[1]

## I. Background

In 1992, Mr. Angulo-Lopez was convicted of eleven counts of drug trafficking. He was sentenced to two life sentences, to be served concurrently. We affirmed his convictions and sentences on direct appeal. In 2001, Mr. Angulo-Lopez filed a "Rule 12" motion seeking relief from his convictions and sentences. The district court construed the motion as a § 2255 motion to vacate, set aside, or correct sentence, and denied the motion. We denied Mr. Angulo-Lopez's request for a COA.

In June of this year, Mr. Angulo-Lopez filed a § 2255 motion, arguing that (1) his counsel was ineffective for failing to challenge a sentencing enhancement; (2) his sentence exceeded the statutory maximum; and (3) he was actually and factually innocent of the enhanced penalty of 21 U.S.C. § 841(b)(1)(a). The district court concluded that this motion constituted an attempt to file an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

## II. Discussion

When a district court denies a habeas petition on procedural grounds as the district court did here, to obtain a COA, a prisoner must show both "that jurists of

---

[1] We are granting COA based on the district court's procedural error and therefore it is not necessary for the government to file a brief. *See* 10th Cir. R. 22.1(B) (providing that government shall not file a brief in response to a COA application until requested to do so by the court).

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In considering the first prong of the *Slack* standard, this court "will not delve into the merits of the claim, but will determine only whether the petitioner has facially alleged the denial of a constitutional right." *Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007) (internal quotation marks omitted).

Mr. Angulo-Lopez argues that he has presented a Sixth Amendment violation in his petition and therefore has asserted the denial of a constitutional right as required by *Slack*. In his § 2255 motion, he alleges that his counsel was ineffective at sentencing by failing to object to an enhanced penalty provision. Reasonable jurists could not debate that this is a facially valid claim for the denial of his Sixth Amendment right to effective counsel.

Mr. Angulo-Lopez also presents a persuasive argument on the district court's procedural ruling. In its order, the district court stated "Defendant previously sought relief under § 2255 in 2001, but relief was denied. Thus, prior authorization from the court of appeals to file a second or successive § 2255 motion is required." R. Vol. 1 at 127 (footnote omitted). The problem with the district court's reasoning is that Mr. Angulo-Lopez did not file a § 2255 motion in 2001. As he explains in his COA application and his affidavit attached to the application, he filed a "Federal Criminal Rule 12" motion that the district court recharacterized as a § 2255 motion without

advising him of the consequences of doing so and giving him an opportunity to withdraw the motion.  COA App. at 2; *id*. at Ex. 2; *see also United States v. Angulo-Lopez*, No. 01-6418, Order (10th Cir. June 4, 2003) (unpublished) (acknowledging that the district court recharacterized Mr. Angulo-Lopez's "criminal motion" as a § 2255 motion without his consent).

The Supreme Court has given explicit instructions about what a district court must do when it recharacterizes a pro se litigant's motion as a first § 2255 motion:

> In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003).  The Court further mandated that if the district court fails to follow this procedure, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id*.

Here, Mr. Angulo-Lopez filed a motion that the district court recharacterized as a § 2255 motion without following the proper procedure.  Under these circumstances, *Castro* dictates that the motion should not count as a first § 2255. Reasonable jurists would therefore find it debatable whether the district court was correct in its procedural ruling dismissing Mr. Angulo-Lopez's recently filed § 2255 as an unauthorized second or successive § 2255 motion.

Although we recognize that Mr. Angulo-Lopez's recently-filed § 2255 motion is outside of the one-year filing deadline for such motions, he argued in his motion that his claims should be equitably tolled. The district court has not yet considered the equitable tolling issue because of the jurisdictional dismissal on second-or-successive grounds. The proper procedure is to remand to the district court to consider the timeliness issue in the first instance.

III.  Conclusion

For the foregoing reasons, we grant Mr. Angulo-Lopez's request for COA, and remand to the district court to consider the § 2255 motion on the merits. This is a full remand that terminates this proceeding.

Entered for the Court

Mary Beck Briscoe
Chief Judge