FILED
United States Court of Appeals
Tenth Circuit

September 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PHYNAUS LEE WHITESIDE,

    Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

    Respondent - Appellee.

No. 17-5031
(D.C. No. 4:16-CV-00309-GKF-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Applicant Phyneus L. Whiteside, an Oklahoma prisoner, filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. The court denied the application as untimely under 28 U.S.C. § 2244(d)(1)(a), which requires that the application be filed within one year after the state-court judgment becomes final. Applicant seeks a certificate of appealability (COA) from this court to appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A)(requiring a COA to appeal the denial of a § 2254 application). He also seeks leave to proceed *in forma pauperis* (IFP). We deny his request for a COA and his request to proceed IFP.

In September 2013 an Oklahoma court sentenced Applicant to life plus 125 years in prison on firearm and assault charges. He appealed to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed the state trial court on January 8, 2015. His conviction

became final on April 8, 2015, ninety days after the OCCA decision, because he did not petition the United States Supreme Court for a writ of certiorari. *See Fleming v. Evans*, 481 F.3d 1249, 1257–58 (10th Cir. 2007). The one-year limitations period under § 2244(d) expired on April 9, 2016; but, as this was a Saturday, Applicant had until Monday, April 11 to file his § 2254 application. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n. 6 (10th Cir. 2011). He did not file, however, until May 26.

Apparently recognizing that he had missed the deadline, Applicant argued in his §2254 application that he was entitled to equitable tolling because regular 23-hour lockdowns and inadequate access to the law library at the Cimarron Correctional Facility, where he was incarcerated during much of 2014–2015, prevented him from timely filing. He did not allege such difficulties at the Oklahoma State Reformatory, where he was moved in December 2015.

Equitable tolling requires that a petitioner show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The district court held that even if regular lockdowns and lack of access to the law library at Cimarron Correctional Facility were extraordinary circumstances, Applicant did not diligently pursue his rights after he departed that facility. Therefore, the court denied his request for equitable tolling and dismissed his claim as untimely.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the

2

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). And "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In his brief to this court, Applicant does not contest the district court's ruling that he did not diligently pursue his rights while at the Oklahoma State Reformatory. Reading his brief liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks omitted)), he appears to argue instead that he should be granted equitable tolling because he has been impeded from arguing for his actual innocence as he has not had access to his trial records to prepare his § 2254 application.

Actual innocence can justify equitable tolling. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). But as we have explained:

> To make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. This new evidence must be sufficient to show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.

3

*Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014) (citations and internal quotation marks omitted).  Applicant has failed to point to any new evidence of any kind.  Nor has he explained how lack of access to trial records could prevent him from doing so.

No reasonable jurist could dispute that Applicant's § 2254 application was untimely.

We **DENY** Applicant's application for a COA and his motion to proceed IFP.

Entered for the Court


Harris L Hartz
Circuit Judge