**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES FLOYD CLEAVER,

    Defendant - Appellant.

No. 22-1422
(D.C. No. 1:01-CR-00395-JLK-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

James Floyd Cleaver, a federal prisoner proceeding pro se, filed a motion that

the district court construed as an unauthorized 28 U.S.C. § 2255 motion. The district

court denied the motion on that basis, and Cleaver now moves for a certificate of

appealability (COA). We deny a COA and dismiss this matter.

**I.    BACKGROUND & PROCEDURAL HISTORY**

In 2003, a federal jury convicted Cleaver of arson and other offenses related to

the destruction of certain IRS offices in Colorado Springs. The district court imposed

a 400-month prison sentence. Cleaver then pursued an unsuccessful appeal and an

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unsuccessful § 2255 motion, and he has since filed multiple unsuccessful motions in the district court invoking other authorities to attack his conviction and sentence.

Last year, Cleaver moved for authorization from this court to file a new § 2255 motion (No. 22-1163). Through a FOIA request, he had recently received an arson investigator's report for the fire in question. He argued that certain details in that report, combined with other evidence available at the time of trial (although mostly not presented to the jury), showed a likelihood of actual innocence. We rejected that argument and denied his motion.

About a month later, Cleaver filed a Federal Rule of Civil Procedure 60(b)(6) motion in the district court. Cleaver based this motion on the same evidence and arguments he presented in the motion for authorization we had just denied. The district court denied this motion as, in substance, an unauthorized § 2255 motion.

Cleaver soon filed a letter with the district court requesting appointed counsel and an evidentiary hearing. Cleaver acknowledged that this court had not authorized a new § 2255 motion, but he insisted that he still had a right to present an actual-innocence argument, to avoid a miscarriage of justice. His letter included a summary of the evidence presented in his Rule 60(b)(6) motion, which he believed an evidentiary hearing would corroborate. The district court determined that this request was, in substance, another unauthorized § 2255 motion, and denied it for lack of jurisdiction.

Cleaver next filed a motion with the district court requesting a COA so he could appeal the denial of his letter requesting counsel and an evidentiary hearing.

2

The district court denied that motion. Finally, Cleaver filed the notice of appeal leading to the current proceeding. Cleaver's notice states that he is appealing the district court's "denial of his request for Certificate of Appealability." R. at 228.

## II.     ANALYSIS

"If the [district] court denies a [COA], a party may not appeal the denial but may seek a [COA] from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings. Thus, Cleaver may not use the denial of a COA as the basis for a notice of appeal.

This alone is not fatal because, "[e]ven if a notice fails to properly designate the order from which the appeal is taken, this Court has jurisdiction if the appellant's intention was clear," *Fleming v. Evans*, 481 F.3d 1249, 1253–54 (10th Cir. 2007). We have no doubt Cleaver actually intended to appeal the order at issue in his district court motion for a COA, namely, the order denying his letter requesting appointment of counsel and an evidentiary hearing. We will focus our COA analysis on that order.

To merit a COA, Cleaver "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

3

Jurists of reason would not debate the district court's procedural ruling. Cleaver's explicit purpose for requesting counsel and an evidentiary hearing was to reopen proceedings in his criminal case and attempt to prove his innocence. In substance, that amounts to an unauthorized § 2255 motion, so the district court correctly refused to exercise jurisdiction over it. *See In re Pickard*, 681 F.3d 1201, 1205 (10th Cir. 2012).

## III.   CONCLUSION

We deny a COA and dismiss this matter. We grant Cleaver's motion to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4