FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

August 7, 2024

**Christopher M. Wolpert**
**Clerk of Court**

DERRICK JOHNSON,

    Petitioner - Appellant,

v.

ANDRE STANCIL, Executive
Director, Colorado Department of
Corrections; JENNIFER HANSEN,
Warden Colorado Territorial
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents - Appellees.

No. 24-1180
(D.C. No. 1:23-CV-08080-LTB-SBP)
(D. Colo.)

_____

**ORDER**
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

This case involves a habeas claim by a state prisoner, Mr. Derrick

Johnson. Like other state prisoners, Mr. Johnson had only one year to file a

habeas petition in federal district court.[1] But the one-year period could be

_____

[1]    28 U.S.C. § 2244(d)(1).

tolled based on equity[2] or pursuit of post-conviction remedies in state court.[3]

The magistrate judge recommended denial of habeas relief based on timeliness. Mr. Johnson objected, arguing that he was entitled to equitable tolling. The district judge overruled the objection and adopted the magistrate judge's recommendation. Mr. Johnson wants to appeal this ruling. To do so, however, he needs a certificate of appealability.[4] We can grant the certificate only if Mr. Johnson has presented a reasonably debatable challenge to the district court's ruling on timeliness.[5] He hasn't, so we deny Mr. Johnson's request for a certificate.

He argues in part that

- the limitations period ended on November 13, 2023, and

- he filed the habeas petition on that day.

---

[2]    *See Fleming v. Evans*, 481 F.3d 1249, 1255–57 (10th Cir. 2007) (equitable tolling).

[3]    *See* 28 U.S.C. § 2244(d)(2) (post-conviction remedies).

[4]    28 U.S.C. § 2253(c)(1)(A).

[5]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

But the petition was filed on November 20, not November 13.[6] So even under Mr. Johnson's timeline, the habeas petition would have been late.[7]

Mr. Johnson also argues that he is entitled to equitable tolling based on a mental illness and developmental disability. But Mr. Johnson made a narrower argument when he objected to the magistrate judge's recommendation. There he specified that he was grounding equitable tolling solely on the period 2017–2022.[8] In objecting to the magistrate judge's recommendation, Mr. Johnson alleged

- that he had been "hospitalized and heavily medicated in a mental health treatment hospital from 2017-2019 and then again from 2019-2022,"

- that Covid-19 had "shut down" the world in 2020, and

- that he had caught the virus and had been "on isolation in 2021 and 2022."[9]

---

[6]    Under the mailbox rule, the petition is deemed *filed* when it's given to prison authorities for mailing. *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (applying the mailbox rule based on the certificate of mailing). But Mr. Johnson didn't include a certificate of mailing with the habeas petition and hasn't invoked the mailbox rule.

[7]    Mr. Johnson also said that his post-conviction proceedings had ended on June 8, 2023 or June 16, 2023; they had actually ended on June 5.

[8]    Mr. Johnson also objected to the magistrate judge's recommendation based on the size of the court file and limited access to legal services. But he does not argue on appeal that the limited access to services or voluminous case file would have justified equitable tolling.

[9]    Plaintiff's Objection to Magistrate's Recommendation at 1–2 (D. Colo. Apr. 1, 2024) (Dkt. No. 18).

But equitable tolling from 2017 to 2022 wouldn't have mattered because his state post-conviction proceeding would already have triggered tolling from 2014 to 2023.



So even without equitable tolling, the period 2017–2022 wouldn't have counted against Mr. Johnson.



On appeal, Mr. Johnson makes a broader argument for equitable tolling, suggesting that his mental illness and developmental disability prevented him from filing the habeas petition any earlier. But Mr. Johnson didn't develop this suggestion when he objected to the magistrate judge's recommendation.

When a petitioner makes an argument on appeal that wasn't in the objection to the magistrate judge's recommendation, we typically apply a *firm waiver rule*.[10] Under that rule, we generally decline to consider new

---

[10]    *United States v. B.N.M.*, No. 22-7056, slip op. at 25, 2024 WL 33555372 (10th Cir. July 10, 2024) (to be published).

arguments unless the interests of justice dictate otherwise.[11] But Mr. Johnson hasn't made an argument involving the interests of justice.

Under the *firm waiver rule*, Mr. Johnson is limited to the arguments that he made when objecting to the magistrate judge's recommendation. There he alleged circumstances impeding him from 2017 to 2022. But the district judge recognized that the 2017–2022 period had otherwise been tolled by the state post-conviction proceedings.[12]

Mr. Johnson appears to broaden his argument on appeal, referring to his mental illness and developmental disability over an indefinite period. But that period is fixed (2017–2022) under the firm waiver rule. And equitable tolling from 2017 to 2022 wouldn't affect timeliness of the habeas petition. So we deny Mr. Johnson's request for a certificate of appealability and dismiss the matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[11]    *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

[12]    *See* 28 U.S.C. § 2244(d)(2).