**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CAYETANO ZAMARRON,

Petitioner-Appellant,

v.

JAMES JANECKA, and GARY K. KING, New Mexico Attorney General,

Respondents-Appellees.

No. 09-2217

(D. of N.M.)

(D.C. No. 1:09-CV-00163-RB-GBW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Cayetano Zamarron, a New Mexico state prisoner proceeding pro se, seeks

to appeal the dismissal of his federal habeas petition. The district court dismissed

Zamarron's petition as time barred because he filed it more than 10 months after

the statutory period had expired. Liberally construed, his application for a

certificate of appealability (COA) states that this court should equitably toll the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

limitations period because of the ineffective assistance of his state appeals counsel.

We deny Zamarron's request for a COA.

## I. Background

In New Mexico state court, Zamarron was convicted of three felonies, including first degree murder, for which he was sentenced to 48 years in prison. Zamarron filed a direct appeal and, on November 23, 1999, the New Mexico Supreme Court affirmed his conviction.

Zamarron then commenced his state habeas appeal. On August 4, 2000, Zamarron petitioned for a writ of habeas corpus in state district court. The state district court denied his petition, but Zamarron's counsel did not receive a copy of the court's order. Subsequently, the state district court reissued its order denying Zamarron's petition. Zamarron appealed the denial of his state petition and, on September 14, 2007, the New Mexico Supreme Court denied review.

Zamarron did not file his federal habeas petition until February 17, 2009. Because the federal district court determined that the statute of limitations had lapsed on April 1, 2008, it dismissed his petition as time barred.

## II. Discussion

A state prisoner must obtain a COA before a circuit court can entertain his appeal. 28 U.S.C. § 2253(c). "[W]hen the district court denies a habeas petition on procedural grounds . . . a COA should issue . . . if the prisoner shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

The district court's determination that Zamarron's claims were time barred was correct and beyond reasonable debate. Federal law provides a one-year statute of limitations for state prisoners' federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). Zamarron's conviction became final on February 21, 2000—90 days after the New Mexico Supreme Court affirmed the conviction. *See Fleming v. Evans*, 481 F.3d 1249, 1257–58 (holding that in the absence of a petition for certiorari from the United States Supreme Court, a conviction becomes final 90 days after the state court enters its order). As the district court noted, the statutory period ran from February 21, 2000 to August 4, 2000, when Zamarron filed his state habeas petition. The statutory period was tolled from August 4, 2000 to September 14, 2007, during the pendency of his state petition and appeals. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ."). On September 14, 2007, the statutory period began to run again, lapsing on April 1, 2008. Zamarron did not file his federal habeas petition until more than 10 months later, on February 17, 2009.

Zamarron does not appear to dispute the district court's finding that he filed his petition after the statutory period had lapsed. Instead, he argues that the statutory period should be equitably tolled because of his attorney's failure to file a habeas petition. To qualify for equitable tolling, a prisoner must show "extraordinary circumstances beyond his control" prevented him from filing a timely petition, and that he pursued his claims diligently. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Generally, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling." *Fleming*, 481 F.3d at 1256 (quoting *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)).

The district court's denial of equitable tolling was correct and beyond reasonable debate. The district court interpreted Zamarron's petition and brief to assert that Zamarron's state appeals counsel provided ineffective assistance, and this deficient representation caused the untimely filing of his federal petition. Even if we assume that Zamarron alleges an "extraordinary circumstance," he does not explain, nor does the record show, how his counsel's errors prevented him from filing a petition within the statutory period. In addition, Zamarron provides no evidence that he attempted to pursue his federal habeas claims before filing the petition more than 10 months late.

Parts of Zamarron's application for a COA and accompanying brief seem to argue that the statutory period should be tolled because he has not been offered counsel to assist in filing his federal habeas petition. In so much as Zamarron advances this argument, it is unavailing because he has no right to federal habeas counsel. *See Swazo v. Wyoming Dept. of Corr.*, 23 F.3d 332, 333 ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and [] generally appointment of counsel in a § 2254 proceeding is left to the court's discretion.").

### III. Conclusion

For the forgoing reasons, we DENY Zamarron's request for a COA.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge