**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY W. ELLEDGE,

       Petitioner - Appellant,

v.

THE ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

       Respondent - Appellee.

No. 11-6299
(D.C. No. 5:11-CV-00630-M)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Jerry Elledge, an Oklahoma State prisoner, seeks a certificate of appealability

("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a), we deny

Mr. Elledge's application for a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On April 21, 2003, Mr. Elledge pled guilty to one count of felony sexual abuse of a child. On June 24, 2003, he was sentenced to 30 years of imprisonment with ten years suspended upon payment of a $5,000 fine. Mr. Elledge did not appeal.

On June 15, 2009, Mr. Elledge filed in state court an application for post-conviction relief, which was denied. On June 3, 2011, Mr. Elledge filed in the United States District Court for the Western District of Oklahoma a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The federal district court adopted the Magistrate Judge's Report and Recommendations that denied Mr. Elledge's § 2254 petition because it was time-barred under the one-year statute of limitations for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). The court also concluded that Mr. Elledge did not demonstrate a basis to equitably toll the one-year statute of limitations. Finally, the district court denied Mr. Elledge's request for a COA.

Mr. Elledge then filed in this court a timely request for a COA seeking to challenge the district court's denial of his § 2254 petition.

A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a

_____

[1]Mr. Elledge filed an amended § 2254 petition on June 16, 2011, and a corrected § 2254 petition on July 19, 2011.

habeas petition on procedural grounds, a COA will be issued only when the petitioner

shows that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right *and* that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-

year statute of limitations to bring habeas petitions under 28 U.S.C. § 2254. *See* 28

U.S.C. § 2244(d)(1). The limitation period typically begins running on "the date on

which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review." *Id.* § 2244(d)(1)(A).

A conviction becomes final in Oklahoma ten days after a defendant's entry of a

guilty plea in the absence of a motion to withdraw the plea or a direct appeal. *See

Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007); *Fisher v. Gibson*, 262 F.3d

1135, 1142 (10th Cir. 2001). Consequently, the one-year period for Mr. Elledge to file a

timely § 2254 petition ended on July 7, 2004.[2] Mr. Elledge did not file his § 2254

petition until June 3, 2011, almost seven years after his one-year period expired. Mr.

Elledge's § 2254 petition is therefore time-barred.

Mr. Elledge attempts to avoid the time bar through equitable tolling. This court

has recognized that in "rare and exceptional circumstances" equitable factors permit the

---

[2]Mr. Elledge's ten day period ended on July 4, 2003. Because this day fell on a holiday, the deadline was automatically extended to the next business day.

tolling of AEDPA's one-year statute of limitations. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). But this equitable remedy is available only when an inmate "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Thus, even when extraordinary circumstances arise, equitable tolling is available only when the petitioner has pursued his or her claim with "reasonable diligence." *Holland v. Florida,* 130 S. Ct. 2549, 2565 (2010) (quotations omitted). To satisfy this requirement, the prisoner must "allege with specificity the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quotations omitted).

Mr. Elledge contends that his attorney abandoned him by not filing a direct appeal. He argues that this abandonment constitutes an extraordinary circumstance for purposes of tolling the AEDPA limitations period. We disagree. During Mr. Elledge's sentencing hearing, the judge informed Mr. Elledge that he had "the right to appeal [his] conviction" and asked Mr. Elledge if he wanted to exercise that right. ROA at 82. Mr. Elledge replied, "No." *Id.* Thus, Mr. Elledge's claim of abandonment is not supported by the record.

Mr. Elledge claims that he informed his attorney in private immediately after his sentencing hearing that he desired an appeal. Even if Mr. Elledge's claim of abandonment were accurate, Mr. Elledge has not explained how his attorney's conduct

caused such a significant delay in filing his § 2254 petition. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Finally, even if we were persuaded by these circumstances, Mr. Elledge has not met his burden to show he pursued his claims with reasonable diligence. *Holland,* 130 S. Ct. at 2565 (noting the diligence required for equitable tolling purposes is reasonable diligence). This court generally declines to apply equitable tolling when it is "facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). As explained above, Mr. Elledge filed his § 2254 petition almost seven years late.[3] In light of such an unexcused delay, Mr. Elledge cannot show he diligently pursued his federal claims.

For these reasons, we conclude that Mr. Elledge has failed to demonstrate that jurists of reason would find debatable the district court's conclusion that his § 2254 petition is time-barred and not subject to equitable tolling. We therefore deny Mr. Elledge's application for a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[3]Moreover, Mr. Elledge did not diligently pursue *any* claim between June 2003, when he was sentenced in Oklahoma state court, and June 2009, when he first filed for post-conviction relief in state court.