FILED
United States Court of Appeals
Tenth Circuit

May 4, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OMAR MORALES,

        Plaintiff–Appellant,

v.

JUSTIN JONES, Director; WALTER
DINWIDDIE, Warden; CURTIS HOOD,
Chief of Security; TOM DYER, Case
Manager; LARRY D. STEWART,
District Attorney, Osage Co.; RANDY
KNIGHT, investigator for IAD, DOC,

        Defendants–Appellees.

No. 11-5155

(D.C. No. 4:10-CV-00169-GKF-TLW)

(N.D. Oklahoma)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

---

We have received Plaintiff's petition for panel rehearing filed on April 18, 2012.

In his petition, Plaintiff argues the panel erred in finding his notice of appeal to be

untimely. He draws our attention to a letter indicating his intention to appeal, which he

filed within Rule 4's thirty-day time limit. Upon consideration thereof, we **GRANT**

Plaintiff's petition for panel rehearing. The previous Order and Judgment, *Morales v.*

*Jones*, No. 11-5155, 2012 WL 1130642 (10th Cir. April 5, 2012), is vacated, and the

attached amended Order and Judgment is substituted in its place.

Entered for the Court

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

May 4, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

OMAR MORALES,

        Plaintiff–Appellant,

v.

JUSTIN JONES, Director; WALTER
DINWIDDIE, Warden; CURTIS HOOD,
Chief of Security; TOM DYER, Case
Manager; LARRY D. STEWART,
District Attorney, Osage Co.; RANDY
KNIGHT, investigator for IAD, DOC,

        Defendants–Appellees.

No. 11-5155

(D.C. No. 4:10-CV-00169-GKF-TLW)

(N.D. Oklahoma)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of these

consolidated appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

Plaintiff Omar Morales, a pro se Oklahoma state prisoner, challenges dismissal of

his 42 U.S.C. § 1983 prisoner complaint and the denial of his motion for reconsideration.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On September 21, 2011, the district court dismissed Plaintiff's 42 U.S.C. § 1983 prisoner complaint based on his failure to exhaust administrative remedies. On October 3, 2011, Plaintiff sent a letter to the district court requesting forms "so [he could] appeal [his] case." This letter was not included in the appellate record. On October 24, 2011, Plaintiff filed a motion for relief from the district court judgment under Fed. R. Civ. P. 60(b)(3) and (6). The district court denied the motion on November 8, 2011. Plaintiff filed a second notice of appeal on November 17, 2011, requesting relief from the district court's September 21 and November 8 orders.

In his petition for panel rehearing, Plaintiff has brought to our attention the October 3 letter he wrote to the district court, which he argues provided timely notice of his intention to appeal. A document is effective as a notice of appeal if it provides the proper notice under Fed. R. App. P. 3. Under this rule, a notice of appeal "shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (quoting Fed. R. App. P. 3(c)). "[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." *Id.* In this case, Plaintiff's October 3 letter stated he intended to appeal to the Tenth Circuit. Although the letter did not explicitly designate the judgment appealed from, Plaintiff's intention to appeal from the district court's final order of dismissal was clear. This letter is thus "the 'functional equivalent' of a formal notice of appeal." *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Since the district court

entered judgment on September 21 and Plaintiff sent his letter on October 3, the notice of appeal was within the thirty-day filing period and was therefore timely. The denial of Plaintiff's Rule 60(b) motion was separately appealable, *see Stouffer v. Reynolds*, 168 F.3d 1155, 1172 (10th Cir. 1999), and Plaintiff filed a timely notice of appeal regarding that decision. Thus both the underlying judgment and the denial of Plaintiff's Rule 60(b) motions are properly before us on appeal.

We first turn to Plaintiff's appeal of the district court's dismissal of his § 1983 action. Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections. In his complaint, Plaintiff alleged that Defendants—ODOC employees and individuals associated with the county district attorney's office—violated his constitutional rights by failing to protect him from an assault by other prisoners and conspiring with those other prisoners to use excessive force against him. After witnessing the murder of a fellow inmate, Plaintiff was assaulted by prison gang members who allegedly thought Plaintiff was acting as a witness in the murder prosecution. Plaintiff was hospitalized and transferred to a different ODOC facility. More than a year and a half following the incident, Plaintiff filed two grievances concerning the incident. Prison officials denied Plaintiff's grievances, and Plaintiff did not file an administrative appeal. Instead, Plaintiff filed this § 1983 claim alleging Defendants knew Plaintiff would be assaulted and did not prevent it. Plaintiff further alleged Defendants divulged sensitive information about Plaintiff's criminal charges in order to provoke other prisoners to attack him.

Defendants moved for summary judgment on various grounds: (1) Defendants

were not liable due to lack of personal participation; (2) Plaintiff failed to state a claim for violation of the Eighth Amendment; (3) Defendants did not violate Plaintiff's Eighth Amendment rights; (4) Defendants had governmental immunity under Oklahoma statute; and (5) Plaintiff failed to exhaust administrative remedies. The district court held that Plaintiff had not exhausted his administrative remedies by completing the prison grievance process and therefore dismissed Plaintiff's complaint.

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Exhaustion of available administrative remedies is mandatory under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Booth v. Churned*, 532 U.S. 731, 741 (2001). ODOC has adopted standard grievance procedures:

> The ODOC has a four-step process for administrative exhaustion of prisoner claims. Initially, a prisoner must seek to resolve any complaint by informally raising the matter with an appropriate staff member. If the matter is not resolved informally, the prisoner must submit [a Request to Staff]. If the matter still remains unresolved, the prisoner may file a Grievance Report Form ("grievance") with the reviewing authority, which is usually the prison's warden. Finally, a prisoner may appeal the warden's decision to the Administrative Reviewing Authority ("ARA"). The ruling of the [ARA] . . . is final and [concludes] the internal administrative remedy available to the inmate . . . .

*Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (alterations in original) (internal quotation marks and citations omitted). Further, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim." *Jernigan*, 304 F.3d at 1032.

In this case, nothing in the record shows Plaintiff took any action to appeal his grievances to the ARA.  Thus, Plaintiff failed to exhaust his available administrative remedies.  Further, Plaintiff's argument that no remedies exist because the damage—the attack on him by other prisoners—had already occurred does not prevail.  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

We next turn to Plaintiff's appeal of the district court's Rule 60(b) ruling.  We review a district court's denial of a motion for relief under Rule 60(b) for an abuse of discretion; we only grant such relief in exceptional circumstances.  *See ClearOne Commc'ns v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011).  Rule 60(b)(3) offers relief from a judgment based on fraud, misrepresentation, or other misconduct by the adverse parties.  Rule 60(b)(6) offers relief for "any other reason that justifies relief."  "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief.  The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotations, citations, and ellipses omitted).

In his motion for reconsideration, Plaintiff alleged Defendants lied to the district court.  The district court found that none of the alleged lies were material to its dismissal for failure to exhaust.  Plaintiff also argued, as he did in the underlying claim, that exhaustion was not available because the remedy he was seeking—monetary

-5-

damages—was not an available remedy within the prison grievance process. Further, he had been unable to pursue exhaustion for over a year because of brain damage that occurred as a result of the attack on him by other prisoners. The district court held it had already addressed Plaintiff's arguments in the order granting summary judgment, and Plaintiff was required to exhaust his claim. *See Nussle*, 534 U.S. at 524. After carefully reviewing the record and the parties' various filings on appeal, we see no error in the district court's decision.

We accordingly **AFFIRM** the district court's dismissal of Plaintiff's § 1983 claim and Rule 60(b) motion. We note the district court granted Plaintiff's motion to proceed *in forma pauperis*, and we remind Plaintiff of his obligation to continue making partial payments until his entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge

-6-