FILED
United States Court of Appeals
Tenth Circuit

May 24, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

---

JULIO ONTIVEROS-PEREZ,

Petitioner–Appellant,

v.

ANGEL MEDINA, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents–Appellees.

No. 12-1074

(D.C. No. 1:11-CV-02598-LTB)

(D. Colorado)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE**, Chief Judge, **McKAY**, and **HOLMES**, Circuit Judges.

---

Petitioner, a Colorado state prisoner proceeding pro se, seeks a certificate of

appealability to appeal the district court's denial of his § 2254 habeas petition. In 2007,

Petitioner pled guilty to six counts of aggravated robbery, one count of attempted

aggravated robbery, and one count of menacing. He was sentenced to consecutive six-

year sentences for each of the aggravated robbery counts and a consecutive five-year

sentence for the attempted aggravated robbery count, for a total aggregate sentence of

forty-one years. Petitioner did not appeal his sentence, but instead filed a Colo. R. Crim.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

P. 35(b) motion for reconsideration of sentence. This motion was denied, and Petitioner did not appeal the denial of the motion. More than a year and a half later, Petitioner filed a Colo. R. Crim. P. 35(c) motion for post-conviction relief, in which he claimed his guilty plea was involuntary because he did not understand he could receive consecutive sentences for each of the aggravated robbery charges. The trial court concluded, and the Colorado Court of Appeals agreed, that this contention was refuted by the record, which showed that Petitioner was advised of the possibility of consecutive sentences at his providency hearing and in both English and Spanish provisions in his plea agreement.

After the Colorado Supreme Court denied certiorari, Petitioner filed the instant federal habeas petition, in which he again claimed his plea was involuntary because he was informed the sentences imposed in this case would be concurrent. The district court dismissed the petition as untimely, concluding that it was filed outside the one-year statute of limitations and that Petitioner had not shown extraordinary circumstances warranting equitable tolling.

In his request for a certificate of appealability, Petitioner does not dispute his petition was filed outside the one-year statute of limitations. However, he contends the district court should have equitably tolled his untimely claims because his delay in filing was caused by his ignorance of the law, his inability to speak English, the prison law library's complete lack of legal materials in Spanish, and the fact he did not have an attorney to represent him in the state post-conviction proceeding.

After thoroughly reviewing the record and Petitioner's filings on appeal, we

-2-

conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under our precedents, Petitioner has simply not demonstrated extraordinary circumstances warranting equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008); *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Therefore, for substantially the same reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge