FILED
United States Court of Appeals
Tenth Circuit

August 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REJEANIA LOUISE MILLER,

Petitioner - Appellant,

v.

M.B.C.C. FACILITY WARDEN,
Millicent Newton Embry,

Respondents - Appellees.

No. 12-6134

W. D. Oklahoma

(D.C. No. 5:11-CV-01500-C)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Proceeding *pro se*, Oklahoma state prisoner Rejeania Louise Miller seeks a certificate of appealability ("COA") so she can appeal the district court's denial of the habeas petition she filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Miller was convicted by an Oklahoma jury of trafficking controlled substances, possessing proceeds derived from the sale of controlled substances, and possession of marijuana. She was sentenced on April 8, 2005, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment on June 19, 2006. Thereafter, Miller filed three motions seeking modification of her sentence. The

first was filed on June 28, 2006, the second on July 26, 2007, and the third on November 30, 2010. She also filed a state application for post-conviction relief on December 8, 2008. The OCCA affirmed the district court's denial of the post-conviction motion on May 21, 2010.

Miller filed the instant § 2254 petition on December 14, 2011. In the petition, Miller asserted a double jeopardy claim, a claim the evidence was insufficient to support her convictions, a claim her sentence is excessive, and claims both trial and appellate counsel were ineffective. Respondent filed a limited response, arguing the petition should be dismissed because it was filed after the expiration of the one-year limitations period established by the AEDPA. *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications). The matter was referred to a magistrate judge who recommended the petition be dismissed because it was untimely and Miller did not meet the standard for equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Miller filed timely objections to the magistrate judge's recommendation and those objections were considered *de novo* by the district court. The court, however, adopted the magistrate judge's recommendation and dismissed Miller's § 2254 petition as untimely.

To be entitled to a COA, Miller must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district

court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Miller's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Because Miller did not petition for a writ of certiorari from the United States Supreme Court, her convictions became final on September 17, 2006, ninety days after the judgment of conviction was affirmed by the OCCA. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007). Even if Miller was entitled to statutory tolling during the entire time her first two motions for sentence modification were pending in state court, the one-year limitations period expired no later than July 31, 2008, one year after the second motion was denied by the state district court. Miller had one year from that date to file her § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). The petition, however, was not filed until December 14, 2011. The one-year period was not tolled while Miller pursued state post-conviction relief because she did not seek any such relief until December 8, 2008, several months after the one-year period of limitation had expired.[1] *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

---

[1]Miller's third motion for sentence modification was not filed until November 30, 2010, more than two years after the limitations period expired.

(continued...)

Miller asserts the commencement of the one-year limitations period should be governed by 28 U.S.C. § 2244(d)(1)(D), not § 2244(d)(1)(A), because she was not aware of the factual predicate of her ineffective assistance claims until she obtained an affidavit from her trial attorney stating he believed she "did not receive an adequate defense." This affidavit is dated October 22, 2008. Assuming that is the date on which the evidence contained in the affidavit could have been discovered through the exercise of due diligence, Miller's federal habeas petition is still untimely. Even if the limitations period began on October 22, 2008, and was statutorily tolled from December 8, 2008 to May 21, 2010 (i.e., the entire time her state post-conviction application was pending in state court), Miller's federal habeas petition was not filed until December 14, 2011, many months after the end of the one-year period.

We **deny** Miller's request for a COA and **dismiss** this appeal. Miller's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1](...continued)
*Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).