FILED
United States Court of Appeals
Tenth Circuit

March 16, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DUSTIN PFEIFFER,

    Defendant - Appellant.

No. 19-1459
(D.C. Nos. 1:19-CV-02964-CMA &
1:11-CR-00406-CMA-3)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

Movant, Dustin Allen Pfeiffer, seeks a certificate of appealability ("COA")
so he can appeal the district court's dismissal of the motion to vacate, set aside,
or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.
§ 2253(c)(1)(B) (providing a movant may not appeal the disposition of a § 2255
motion unless he first obtains a COA). Pfeiffer was convicted of one count of
aggravated sexual abuse of a federal prisoner, in violation of 18 U.S.C. §§ 2, 7,
2241(a)(1) and 2246(2)(C). His conviction was affirmed by this court on March
19, 2014. *United States v. Shaw*, 562 F. App'x 593 (10th Cir. 2014). Pfeiffer did
not seek review in the United States Supreme Court.

Pfeiffer filed the instant § 2255 motion in the district court on October 28, 2019. In its order of dismissal, the district court concluded Pfeiffer's motion was filed more than one year after his conviction became final. *See* 28 U.S.C. § 2255(f) (setting forth a one-year statute of limitations for § 2255 motions). The court further concluded Pfeiffer was not entitled to equitable tolling of the applicable one-year limitations period. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Accordingly, the court dismissed Pfeiffer's § 2255 motion as untimely.

To be entitled to a COA, Pfeiffer must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

As he did before the district court, Pfeiffer argues he failed to file a § 2255 motion because his counsel told him there was no need to file one. The district court addressed this argument, noting that even a habeas petitioner who

established "sufficiently egregious misconduct" on the part of counsel "must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." *Fleming v. Evans*, 481 F.3d 1249, 1256-57 (10th Cir. 2007) (quotation omitted). Applying that correct standard, the district court concluded Pfeiffer failed to describe any steps he took to diligently pursue his rights in the five-year period between the date his conviction was affirmed and the date he filed his § 2255 motion. Pfeiffer's counseled appellate brief, likewise, contains no explanation of how Pfeiffer diligently pursued his rights.

Our review of the record demonstrates that the district court's dismissal of Pfeiffer's § 2255 motion as untimely is not deserving of further proceedings or subject to a different resolution on appeal. No jurist of reason could debate whether the district court abused its discretion in refusing to equitably toll the one-year limitations period.

Accordingly, we **deny** Pfeiffer's request for a COA and **dismiss** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge
