**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STACY GENE BELLIS,

    Petitioner - Appellant,

v.

JASON BRYANT,

    Respondent - Appellee.

No. 20-6164
(D.C. No. 5:17-CV-01333-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Stacy Gene Bellis, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C.

§ 2254 application for a writ of habeas corpus. We deny Bellis's request for a COA and

dismiss the matter.

**I.**     **Background**

On July 4, 2011, Bellis was involved in an altercation involving several people

outside of a duplex where he lived in Oklahoma City. Roman Acosta and

Kendra Woodward were visiting Bellis's downstairs neighbor when Bellis and Acosta

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

began to exchange words. The quarrel escalated as Bellis got into his truck, with Acosta slamming his fist on the truck's hood and windshield. As Acosta and Woodward were standing in front of a tree, Bellis gunned his truck, drove it toward them and hit them. Woodward became pinned between the truck and the tree and lost consciousness. Acosta approached Bellis's truck and started fighting with Bellis through the driver's window. Jason Williams then jumped into the fight, with both Williams and Acosta hitting Bellis. Another duplex resident got into the passenger side of Bellis's truck and began pulling on him, but when she felt a sharp object in his hands she backed away yelling that Bellis had a knife. At the sound of sirens approaching, people scattered from the scene. Woodward, Acosta, and Williams left in Williams' truck. It soon became apparent that Acosta was injured. Acosta died shortly thereafter, having suffered a stab wound to his chest.

Bellis was charged with four counts: Count One, first-degree manslaughter as to the stabbing of Acosta; Count Two, assault and battery with a deadly weapon as to hitting Acosta with his truck; Count Three, assault and battery with a deadly weapon as to hitting and pinning Woodward against the tree with his truck; and Count Four, assault and battery with a deadly weapon as to stabbing Williams. At the close of the State's case, the trial court sustained a demurrer as to Count Four involving Williams. The jury convicted Bellis only on Count Three, assault and battery against Woodward, acquitting him on Counts One and Two involving Acosta. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on direct appeal. Bellis unsuccessfully applied for post-conviction relief in the state courts.

2

Bellis filed a § 2254 application asserting twelve grounds for relief. A magistrate judge issued a report and recommendation (R&R) to deny the application. Bellis objected to the R&R's analysis of Grounds One through Ten, triggering de novo review of those grounds. The district court adopted the R&R and denied Bellis's § 2254 application in its entirety.

## II.     Discussion

To obtain a COA, Bellis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether to issue a COA, we limit our "examination to a threshold inquiry into the underlying merit of [the applicant's] claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Our standard of review depends on whether the district court decided a claim on the merits or dismissed it on procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Where the district court denied Bellis's claims on the merits, to obtain a COA he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. As to claims the district court denied on procedural grounds, he must show "that jurists of reason would find it debatable" whether that procedural ruling was correct and "whether the petition states a valid claim of the denial of a constitutional right." *Id.* Because Bellis proceeds pro se, we liberally construe his application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

**A.      Ground One – Immunity Under Oklahoma's Stand Your Ground Law**

Bellis argues that he was immune from prosecution for hitting Woodward with his truck under Oklahoma's Stand Your Ground Law, Okla. Stat. tit. 21 § 1289.25. The OCCA first held that he waived this claim by failing to assert it before his direct appeal. But notwithstanding that waiver, the OCCA rejected the claim on the merits, holding the statute was inapplicable because Woodward was a bystander against whom deadly force was not immunized. In denying relief on this claim, the district court explained that it could not second guess the state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Bellis fails to demonstrate that reasonable jurists would find the district court's ruling on this claim debatable or wrong. Rather, he continues to argue that the OCCA misapplied Oklahoma's Stand Your Ground Law in his case. We therefore deny a COA on Ground One.

**B.      Ground Two – Failure to Instruct the Jury on Self-Defense**

Bellis argues the trial court erred in refusing to instruct the jury on self-defense. The OCCA held that the trial court did not abuse its discretion in rejecting Bellis's requested self-defense instruction as to Count Three—assault and battery against Woodward—because it was not warranted by the evidence. In denying relief on this claim, the district court explained that, "'as a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they

4

are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" R., Vol. I at 917 (quoting *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005)). In adopting the R&R, the district court concluded that the testimony Bellis cited failed to demonstrate circumstances that would have warranted a self-defense instruction on Count Three; therefore, the trial court's failure to instruct on that theory did not rise to the level of an error rendering the trial fundamentally unfair.

Bellis asserts that previous courts have all misconstrued this claim by focusing on the lack of a self-defense instruction on Count Three. He maintains that he instead challenges *only* the trial court's failure to give such an instruction on Count Two, the charge on which the jury *acquitted* him of assault and battery with a dangerous weapon as to hitting Acosta with his truck.[1] Bellis appears to assert that a self-defense instruction on Count Two would somehow have led the jury to acquit him on Count Three.

Contrary to his assertion, the district court did address this contention. *See* R., Vol. I at 850 (magistrate judge's discussion of Bellis's "secondary theory" that Woodward's injury "was somehow justified as an unintentional consequence of actions intended toward . . . Acosta," which was "dependent on a theory that . . . Bellis had acted in self-defense on Count Two"); *id.* at 916 (district court's acknowledgment of Bellis's argument "that his self-defense from the attack by Acosta justified the actions for which he was charged in Count Three"). But the district court declined to consider the merits of

---

[1] The trial court did give a self-defense instruction on Count One, charging Bellis with first-degree manslaughter as to the stabbing of Acosta. The jury also acquitted Bellis on that charge.

this claim because Bellis failed to raise it in his direct appeal or in his habeas application. Although Bellis insists that he did, he fails to show that jurists of reason would find the district court's procedural ruling debatable.

Moreover, even if that ruling were debatable, Bellis fails to show that reasonable jurists would also debate whether his habeas application states a valid claim of the denial of a constitutional right. "In reaching this determination, we will not delve into the merits of the claim, but instead will determine only whether the petitioner has facially alleged the denial of a constitutional right." *Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007) (internal quotation marks omitted). Bellis's contention that the trial court erred by refusing to give a self-defense instruction on Count Two—a count on which he was acquitted—because such an instruction would have had some kind of positive spillover effect on the jury's assessment of Count Three, does not facially allege a jury-instruction error that was "so fundamentally unfair as to deprive [him] of a fair trial and to due process of law," *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005).

We therefore deny a COA on Ground Two because Bellis has not satisfied either prong of the two-part showing necessary for granting a COA when the district court's ruling rested on a procedural ground.

### C. Ground Three – Failure to Instruct on the Definition of "Deadly Weapon"

The jury instructions directed that Count Three required proof of (1) an assault and battery, (2) upon another person, (3) with a deadly weapon. Bellis argues that the instructions' failure to define "deadly weapon" violated his right to due process. The

6

OCCA held the lack of such an instruction did not amount to plain error because it did not affect the outcome of the case. *See Neder v. United States*, 527 U.S. 1, 18 (1999) (holding the erroneous omission of an instruction on an element of the offense is harmless where it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error"). Applying the standard in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), to the OCCA's determination of harmlessness, *see* R., Vol. I at 918, the district court concluded that "failing to define 'deadly weapon' in the jury instructions did not have a substantial and injurious effect on the jury's verdict because the jury could undoubtedly find that a vehicle could be deadly," R., Vol. I at 919. The court therefore held that Bellis had not established that the OCCA's decision on this claim was contrary to or had unreasonably applied federal law, *see* 28 U.S.C. § 2254(d)(1).

Citing inapposite cases involving preliminary injunctions and sentencing, Bellis first argues that any deviation from a constitutional right cannot be harmless. But he fails to demonstrate that reasonable jurists would debate the district court's holding that the OCCA reasonably applied Supreme Court precedent calling for harmless-error analysis of an omitted-instruction claim.

Bellis also contends the error was not harmless because his truck cannot qualify as a "deadly weapon" as that term is defined in the Oklahoma Uniform Jury Instructions (OUJI). *See* Instruction No. 4-28, OUJI-CR(2d) (Apr. 2020 Supp.) (defining a deadly weapon as "[a]ny instrument designed or constructed to cause death or great bodily injury"). Bellis raised this argument in his direct appeal, contending the OUJI definition

7

applied in his case based upon the State's particular charging decision, and that had such an instruction been given, no rational jury could have found that his truck was a deadly weapon. The State countered that his argument regarding the nature of the charging decision was meritless under state law and the OUJI instruction defining "deadly weapon" was not warranted in Bellis's case. The OCCA clearly rejected Bellis's state-law contention in holding that the omission of an instruction defining "deadly weapon" was harmless error. As we have noted, a state court's interpretation of state law is binding on a federal habeas court. *See Bradshaw*, 546 U.S. at 76; *see also Esquibel v. Rice*, 13 F.3d 1430, 1433 (10th Cir. 1994) (holding argument that jury instruction is erroneous under state law is not a basis for habeas relief).

We deny a COA on Ground Three because Bellis fails to show that reasonable jurists would find the district court's assessment of this claim debatable or wrong.

### D. Ground Four – Exclusion of Williams' Testimony

As previously noted, Williams had joined Acosta in fighting with Bellis through his truck's window after Bellis hit and pinned Woodward against the tree. Williams was sequestered pending his testimony at Bellis's trial. After Williams testified, Bellis sought a mistrial on the ground that Williams had violated the sequestration rule by listening to a portion of the evidence through a propped-open door to the courtroom. The trial court denied a mistrial and instead struck Williams' testimony from the record and instructed the jury not to consider it.

Bellis argues the exclusion of Williams' testimony violated his right to present a complete defense because Williams was "the single most important witness to [his] case

8

of self defen[s]e." COA Appl. at 23. The OCCA held that the trial court did not abuse its discretion in excluding the testimony of a witness who violated the sequestration rule.

In ruling on this claim in Bellis's § 2254 application, the district court held he could not make the necessary two-part showing to justify habeas relief. It concluded Bellis must show (1) the evidence "would have been both material and favorable to his defense," *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); and (2) the trial court's exclusion of the evidence was arbitrary or disproportionate to the evidentiary purpose advanced by its exclusion, *see United States v. Scheffer*, 523 U.S. 303, 308 (1998) (holding state evidentiary "rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve" (internal quotation marks omitted)). The district court reasoned that Williams' testimony would not have bolstered Bellis's claim of self-defense on Count Three, and the trial court's exclusion of Williams' testimony based on his violation of the sequestration rule was neither arbitrary nor irrational.

Bellis fails to show that reasonable jurists would debate the district court's assessment of this claim. His materiality argument focuses solely on the lack of a self-defense instruction on Count Two, a claim the district court held he did not raise in his habeas application. And he asserts, without elaboration, that the trial court had options to enforce the sequestration rule other than striking Williams' testimony, but he does not show that the trial court's evidentiary ruling was arbitrary. We therefore deny a COA on Ground Four.

9

### E.    Ground Five – Cumulative Error

Bellis argues cumulative error based on the errors raised in Grounds One through Four.  The OCCA denied this claim, concluding that no errors, considered individually or cumulatively, merited relief in his case.  The district court denied habeas relief because Bellis did not show multiple errors.  *See Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors.").  We deny a COA on Ground Five because Bellis fails to show that reasonable jurists would debate the district court's ruling.

### F.    Grounds Six Through Ten – Procedural Bar

The OCCA did not address Bellis's Grounds Six through Ten on the merits because he failed to file a timely petition in error after the trial court denied his application for post-conviction relief.  "Generally speaking, [a federal] court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Johnson v. Champion*, 288 F.3d 1215, 1226 (10th Cir. 2002) (internal quotation marks omitted).

Citing *Johnson*, 288 F.3d at 1226 n.3, the district court held that the OCCA's untimeliness dismissal was based on an independent and adequate state procedural ground.  The court summarized Bellis's arguments in his objections to the R&R asserting cause for his untimely filing, but it concluded he had failed to sufficiently articulate any basis for a finding of cause or prejudice in his habeas application.  Further, the court held

10

that Bellis did not demonstrate a fundamental miscarriage of justice because he made no credible showing of actual innocence. *See Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014). It therefore held that Grounds Six through Ten were procedurally barred.

Bellis insists that he has argued over and over that his filing with the OCCA was late through no fault of his own. But he did not argue cause and prejudice with respect to Grounds Six through Ten in his habeas application. And in his reply brief he acknowledged the procedural default on these Grounds, then stated, without elaboration, that the cause-and-prejudice exception applied based on his due diligence in pursuing his claims and "the change in OCCA only a few weeks after [he] submitted his post-conviction appeal." R., Vol. I at 833. Bellis fails to show that the district court erred in concluding that he did not demonstrate cause and prejudice excusing his late filing in his habeas application. Because reasonable jurists would not debate the district court's ruling that Grounds Six through Ten are procedurally barred, we deny a COA on all of these Grounds.[2]

---

[2] Bellis also appears to seek a COA on the final two grounds raised in his habeas application, but he offers no basis for this court to conclude that reasonable jurists would debate the district court's denial of these grounds for relief. We therefore also deny a COA on Grounds Eleven and Twelve.

**III. Conclusion**

We deny a COA and dismiss this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge