**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

CHARLES KENZELL CARTER,

    Petitioner - Appellant,

v.

STATE OF WYOMING; WYOMING
ATTORNEY GENERAL; NEICOLE
MOLDEN, in her official capacity as
Wyoming Department of Corrections State
Penitentiary Warden; RICK WHITE, in his
official capacity as Red Onion State Prison
Warden,

    Respondents - Appellees.

No. 23-8062
(D.C. No. 2:22-CV-00253-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Petitioner Charles Carter, appearing pro se, requests a certificate of appealability

("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 application.

For the reasons stated below, we deny his request for a COA and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

On April 19th, 2017, Petitioner pled no contest to one charge of second-degree murder in Wyoming state court. Pursuant to the plea agreement, the trial court sentenced Petitioner to a term of incarceration of forty-to-eighty years. Petitioner did not appeal his sentence, but in 2022 he unsuccessfully sought post-conviction relief in Wyoming district court.

Petitioner then filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming, raising seven grounds for relief. The district court granted Respondents' motion to dismiss, finding that the petition was untimely, and that Petitioner was not entitled to equitable tolling. The district court also denied Petitioner a COA. Petitioner requests from us a COA to appeal the district court's dismissal.

II.

To receive a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). When we can rule

based on the procedural question without addressing the merits, we may do so.  Id. at 485.

The relevant statute establishes a one-year limitations period on applications for writs of habeas corpus.  28 U.S.C. § 2244(d)(1).  Because Petitioner admitted he did not meet this requirement, we will only grant a COA if Petitioner establishes equitable tolling entitlement.  We review for abuse of discretion a district court's determination that a defendant is not entitled to equitable tolling.  Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007) (citing Burger v. Scott, 317 F.3d 1133, 1137 (10th Cir. 2003)).  Therefore, "we will vacate the District Court's determination that equitable tolling is inapplicable only if reasonable jurists could debate whether the [district] court's refusal to toll the statute of limitations was an abuse of discretion."  Id. at 1254–55.  A petitioner must "show specific facts to support his claim of extraordinary circumstances and due diligence" to be entitled to equitable tolling.  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

Petitioner has not established that his delay was because of extraordinary circumstances despite due diligence—even affording "solicitous construction" to Petitioner's pro se filings.  See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).  Of the seven issues Petitioner raises, only his ineffective assistance of counsel claim even conceivably concerns the circumstances of his delay.  But we have held that ineffective assistance is "not generally a basis for equitable tolling," and the missteps that Petitioner alleges are not egregious enough to create an entitlement to equitable tolling.  Fleming, 481 F.3d at 1255–56 (citing Coleman v. Thompson, 501 U.S.

3

722, 752 (1991)).  Thus, we hold that the district court did not abuse its discretion in

refusing to equitably toll the limitation period in 28 U.S.C. § 2244(d)(1).[1]

We DENY Petitioner's COA request.

DISMISSED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[1] Because we deny Petitioner's COA request for procedural reasons, we also deny Petitioner's Motion to Supplement Appellant's Substantial Constitutional Violation Asserted in Its Certificate of Appealability for Good Cause.