**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

MICHAEL ST. CLAIR,

    Petitioner - Appellant,

v.

CHRISTE QUICK,

    Respondent - Appellee.

No. 24-7090
(D.C. No. 6:23-CV-00338-JFH-JAR)
(E.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Michael St. Clair, a prisoner serving consecutive life sentences for multiple

Oklahoma murder convictions, asserts an agreement between Oklahoma and Kentucky

renders his Oklahoma confinement unlawful.  He filed a 28 U.S.C. § 2241 habeas

application seeking release, and the district court denied it.  He now petitions for a

certificate of appealability ("COA") to appeal the district court's judgment.  *See* 28

U.S.C. § 2253(c)(1)(A).  We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

An Oklahoma state court convicted Petitioner on two counts of first-degree murder and one count of solicitation for murder, but he escaped custody before sentencing. He then traveled to Kentucky and committed various crimes. Later, a different Oklahoma state court convicted him on two additional first-degree murder charges. Petitioner received life sentences for these convictions—four of them consecutive and without the possibility of parole.

Kentucky authorities also wanted to prosecute Petitioner for, among other crimes, two capital offenses. So, in 1995, the governors of Oklahoma and Kentucky signed an agreement ("Executive Agreement") authorizing Petitioner's extradition to Kentucky. The Executive Agreement provided the circumstances under which Kentucky would return him to Oklahoma:

> IT IS HEREBY AGREED by the undersigned Governor of the Commonwealth of Kentucky and the undersigned Governor of the State of Oklahoma that in the event [Petitioner] shall be acquitted following a trial in the court of the Commonwealth of Kentucky, or the prosecution in the Commonwealth of Kentucky is terminated in any manner other than by the imposition of a judgment and sentence of death, [Petitioner] shall be returned to the State of Oklahoma at the expense of the Commonwealth of Kentucky, and that the Governor, or other acting executive authority of the Commonwealth of Kentucky, shall surrender [Petitioner] to the duly authorized agents for the State of Oklahoma.

App. at 58.

Once in Kentucky, Petitioner stood trial for capital murder and, separately, capital kidnapping. The juries convicted him, and the Kentucky courts sentenced him to death in both cases. These proceedings gave rise to numerous appeals, reversals, and new trials.

2

After spending over two decades confined in Kentucky, the court sentenced Petitioner to a term of years with credit for time served. On November 15, 2018, Kentucky returned him to Oklahoma.

In July 2020, Petitioner sought a writ of habeas corpus in Oklahoma state court, arguing that Kentucky unlawfully returned him to Oklahoma in violation of the Executive Agreement's terms. The court denied habeas relief without reaching the merits. It determined that Petitioner needed to apply for state postconviction relief first. Petitioner asked the Oklahoma Court of Criminal Appeals ("OCCA") to compel the lower court to address the merits of his state habeas application. The OCCA affirmed the lower court, ruling that Petitioner failed to demonstrate state postconviction relief was inadequate. Then, in October 2021, Petitioner sought postconviction relief in Oklahoma state court. The court denied relief, and the OCCA affirmed.

In October 2023, Petitioner filed his § 2241 habeas application in federal court, asserting that (1) his confinement in Oklahoma violates the Executive Agreement's terms, and (2) Kentucky violated his procedural due process rights when it returned him to Oklahoma without notice, a hearing, or an opportunity to challenge Oklahoma's right to confine him. The district court determined that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations barred Petitioner's application and dismissed it.

## II

A state prisoner must obtain a COA to appeal the district court's denial of his § 2241 habeas application. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). We may issue a COA "only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies a habeas application on procedural grounds, the prisoner must show that reasonable jurists could debate whether the application states a valid constitutional claim and whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists could not debate the correctness of the district court's procedural ruling in this case. Section 2241 contains a one-year statute of limitations. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (holding that applications "challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations.").[1] This one-year limitations period starts running from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner argues "*Burger* is problematic and wrongly decided . . . because there was no analysis of statutory construction." Aplt. Br. at 16. But "[u]nder the doctrine of *stare decisis*, this panel cannot overturn the decision of another panel of this court. We are bound by the precedent of prior panels absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (citation and internal quotation marks omitted).

28 U.S.C. § 2244(d)(1).

Petitioner did not identify any specific triggering date for the one-year limitations period. Instead, he argued that § 2244(d)(1) did not apply to his § 2241 application. Thus, the district court assumed Petitioner's claims accrued under § 2244(d)(1)(D) the day Kentucky returned him to Oklahoma custody, November 15, 2018. It therefore correctly concluded that Petitioner needed to file his § 2241 application no later than November 16, 2019. But Petitioner did not file his § 2241 application until October 2023—almost four years after the deadline.

The district court also correctly concluded that nothing entitled Petitioner to statutory tolling because he failed to pursue collateral review of his claims until "well after" the November 16, 2019, deadline. App. at 172; *see Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations.").

Petitioner argues that the district court should have equitably tolled the limitations period. "Equitable tolling is a rare remedy," and "[a]n inmate bears a strong burden to show specific facts to support his claim." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (internal quotation marks omitted). Equitable tolling applies only if Petitioner can show that he diligently pursued his claims and that extraordinary circumstances beyond his control prevented his timely filing. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Here, the district court found no grounds to equitably toll the one-year limitations period.

Because Petitioner seeks a COA, he must show that "reasonable jurists could debate whether the [district] court's refusal to toll the statute of limitations was an abuse of discretion." *Fleming v. Evans*, 481 F.3d 1249, 1254–55 (10th Cir. 2007). Reasonable jurists could not do so here. Petitioner's equitable tolling arguments center around his counsel's difficulty determining how to appropriately exhaust his claims before the Oklahoma state courts. He asserts that his counsel's ignorance of the law caused the filing delay. But because a petitioner does not have a constitutional right to an attorney in state post-conviction proceedings, habeas counsel's negligence is not generally a basis for equitable tolling. *Id.* at 1255. And "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (internal quotation marks omitted).

### III

Reasonable jurists could not debate the district court's dismissal of Petitioner's § 2241 application as untimely. Accordingly, we deny Petitioner's request for a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

6